Watts.
2 w 421
133   642

## Sheaffer *against* M'Kabe.

A clearing over upon a tract of woodland of a few feet or a few yards would not take from it the character of unseated land and relieve it from liability to a sale for taxes ; but the cultivation of several acres fixes the denomination of the whole, and charges the person of the cultivator with the payment of the taxes ; and a sale of the land under such circumstances is unlawful.

APPEAL from the circuit court of *Lycoming* county.

This was an action of ejectment by Samuel Sheaffer against John M'Kabe and Thomas M'Kabe. The plaintiff claimed title under a treasurer's sale of the land for taxes. The defendant, who claimed under the title of the warrantee, resisted the plaintiff's recovery, on the ground that the land was not unseated, but that it had been cleared and cultivated. The fact appeared to be, that the owner of the adjoining land had cleared several acres over his line on the land in dispute, had farmed it, by raising grain upon it, and had made a verbal agreement that he would pay the taxes of the whole tract for the use of that which was cleared. It also appeared that the owner of the land had paid taxes which had been assessed upon it as unseated.

The counsel for the plaintiff asked the court to instruct the jury upon the following points :

1. That an accidental or even wilful clearing over the lines of the tract in dispute, by the owner of the adjoining survey, and a cultivation of such part and raising of grain, unaccompanied by an actual residence within the boundaries of the tract, will not render it seated land within the meaning of the act of assembly.

2. That even if the part so cleared over and cultivated, was thereby the subject of taxation as seated land, yet the residue of the tract would be considered unseated, and could be held by the purchaser at treasurer's sale.

3. The tract in dispute having been returned for taxation as *unseated* land into the commissioner's office, and taxes paid for it as *such,* including the year 1818, by the owner Mr Govett, and this long after

[Sheaffer v. M'Kabe.]

the alleged clearing over the line, amounts to an acquiescence on the part of the owner that the land was *unseated*, and he shall not now allege the contrary to the prejudice of the purchaser's vested rights.

4. The verbal lease to George Sheaffer, if any such was given, that he should pay the taxes on the whole land for the use of the part so cleared, not having been complied with by him, cannot affect the purchaser.

But the court was of opinion that the plaintiff was not entitled to recover, and so instructed the jury, who found a verdict for the defendant. A motion for a new trial was overruled, and the plaintiff appealed.

*Armstrong* and *Campbell,* for appellants.
*Bancroft* and *Ellis,* contra.

The opinion of the Court was delivered by
GIBSON, C. J.—It is settled that cultivation without residence gives character and denomination for the purposes of assessment; nor is it material in a question of denomination that the cultivator is an intruder. With the actual owner the assessor has nothing to do, it being sufficient for his purpose that there is an occupant personally responsible for the public charge. The limitation to this is, that an occupancy of the same spot shall not subject him to a double charge, as was determined in Campbell *v.* Wilson, at the last term at this place, 1 *Watts* 503, where it was held that actual possession of land comprised by the lines of interfering surveys, has not the effect to make both tracts seated, being referable to the title under which the possessor entered, and leaving the residue of the other survey to be dealt with as unseated for its proper tax. But a proprietor having a field notoriously beyond the lines of his survey, and without apparent connexion with his fields and improvements on his own tract, could not avoid being personally charged with the tax for the land entered upon, by the plea that he is a trespasser. The primary object of the legislature has been to charge the person and not the land where the person is ordinarily accessible; and to that intent, actual residence on the land is not indispensable. A tract attached to a farm is seated for the purpose of charging the tenant or the owner, though residing on the adjoining tract; and the same thing is true of an outlot not suffered to lie waste. On this subject, we recognise the principles of Stokely *v.* Bonner in their full extent. Nor can a distinction be taken where the adjoining proprietor has extended his fields into an unseated tract by mistake or design. The difference between a clearing over and a clearing with a view to a separate tenement, is but in the comparative readiness with which they would present themselves to the senses of the assessor. But though the truth of the case be actually different, the assessor is presumed, from the nature of his duties, to have made himself acquainted with the lines and

[Sheaffer v. M'Kabe.]

landmarks within his district, as well as the occupancy of the proprietors; for he has to do not merely with tracts, but fractions of tracts, being required to distinguish, in his annual return to the commissioners, the intervening alterations by transfer or division since the preceding triennial assessment. Beside, it is the duty of the deputy surveyors to furnish maps of the surveys within their districts; and to what end? Most certainly to supply the assessing officers with means of information in respect to the minutiæ of their business; and doubtless to enable them to fix the boundaries of the respective tracts, in order to determine with the greater certainty the character and denomination of each as a subject of taxation. The argument that the owner is chargeable with the mistakes of the officer, attempted to be drawn from the provision which requires him to furnish the commissioners with a list of his unseated lands, takes for granted the very fact in dispute, that the denomination had not been changed. Whatever might be its effect in a contest with the occupant, the owner is not bound by his duty to the public to return as unseated a tract which has ceased to be so by actual occupancy, and whether by that of the owner or of a stranger cannot be material. By determining the question according to this view of it, no loss is suffered by the public which has not been occasioned by the negligence of its officer, and which it ought not to bear; for besides the produce of the land, the collector might have had recourse to the person of the cultivator, and it is undoubted negligence as well as a departure from the spirit of all the legislation on the subject, to forego the use of personal means where it may be had, in order to have recourse to the land. In regard to the adequacy of the produce to the tax, the direction was perhaps too favourable to the appellant. A clearing over of a few feet or a few yards might be disregarded on the principle of *de minimis;* but the cultivation, as here, of several acres, fixes the denomination of the whole, and charges the person of the cultivator, which is sufficient security in contemplation of law, though nothing might be got from the produce of the land. The tract in question, then, having ceased to be unseated, could not be sold for the personal duty of the occupant; and the jury were warranted in giving it to its original owner.

Judgment affirmed.