# Keating *against* Williams.

It is not material when the appointment of a trustee of an insolvent debtor be made; the estate of the insolvent vests in the trustee upon his being duly qualified whether the appointment be made at the date of the discharge or years afterwards.

A lot of ground enclosed with a fence, and a dwelling house upon it, unoccupied for part of a year, the owner living near to it, is not a subject of sale, as unseated land, for taxes.

One in possession of ground, against whom an ejectment is brought, set up upon the trial a title in himself under a deed from the treasurer upon a sale of the lot as unseated for taxes; he will not be permitted, upon discovering that the law will not sustain this title, to found his defence upon an entry for the non-payment of a ground rent, and ask the jury to presume that his entry was rightful. And in such case he will not be permitted to send out with the jury an account of the amount of ground rent due.

ERROR to the district court of *Alleghany* county.

This was an action of ejectment by Walter Williams, assignee of William Bousman, an insolvent debtor, against John Keating and others, for several lots of ground on Grant's Hill, with a dwelling house erected thereon.

The proof was that these lots originally belonged to John Keating, who conveyed the same to John Thompson, subject to a perpetual ground rent of 20 dollars. In 1818 Thompson conveyed them to Bousman, in consideration of 400 dollars, subject to the ground rent. In 1822 Bousman was discharged as insolvent debtor, but no assignee was then appointed; nor until 1835, when the court appointed the present plaintiff, and Bousman executed an assignment to him. These proceedings, when offered in evidence, were objected to because of this irregularity, but the court overruled the objection and sealed a bill of exceptions.

The defendant relied upon the proof of the facts that the lots and the house were unoccupied in the year 1820, and that they were returned as unseated by the collector, and sold for taxes by the treasurer to John Keating, the present defendant. During the trial, the court intimated that they were not the subject of sale for taxes as unseated, under the facts disclosed; and then the defendant put his defence upon the ground of an entry for the non-payment of the ground rent, and asked the jury to presume that he was thus lawfully in the possession; and exhibited an account of the amount of rent due with interest, &c., and offered to send it out with the jury.

The court (Grier, President) instructed the jury, that the plaintiff was clearly entitled to recover, and refused to let the defendant's account go out with the jury.

Errors assigned.

1. The court erred in admitting in evidence the record and pro-

ceedings relative to Bousman's discharge under the insolvent law, the assignment by Bousman to Williams, made the 1st of May 1835, the record of his appointment on the 23d of April 1835, and the bond given by Williams for the faithful discharge of his duties as trustee.

2. There was error in charging the jury that the tax assessed on the property in question was no lien on the land, that Bousman was personally liable for the tax, and that the treasurer had no authority to sell.

3. The court erred in charging the jury that there was no abandonment by Bousman, and that the jury ought not to presume, after the lapse of time which occurred in this case, that the entry of defendant was regular.

4. The court erred in refusing permission to defendant to send his account to the jury.

*Fetterman* and *M'Candless*, for plaintiff in error.
*Lowry*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—The first error assigned was not insisted on here, and could not have been with effect. The proceedings under our acts for the relief of insolvent debtors are often entered in short notes on the petition, or on the minute book of the prothonotary. The person appointed as trustee is not always present in court at the time of his appointment; and frequently, if the property is small, or the management of it is likely to be attended with trouble, the trustee refuses to accept, or to give bond, and, in such case, months or years elapse before another trustee is appointed; but, when appointed and bail is given, he has all the authority which he would have had if appointed on the day when the insolvent was discharged.

The second error assigned is, that the court erred in charging, that the tax assessed on the property in question was no lien on the land ; that it was not unseated land, and the treasurer had no authority to sell it.

I shall refer to some decisions which would seem to govern this case. In Campbell *v.* Wilson, 1 *Watts* 503, it is said, if a person is actually on the land it cannot be taxed and sold as unseated, though there should not be property enough on the premises to pay the taxes ; and this seems to have been expressly in the view of the legislature ; for the collector, if he cannot find property, is authorized to take the body of the person on whom the tax is assessed.

I will not say that the legislature had in view only lands in a state of nature, totally uncultivated and unimproved, when they provided for the sale of unseated lands for taxes. That a dwelling house or cultivated lot or farm should be without an owner whose property or person would be seized for taxes, as well as without a tenant

whose property would be liable, is so unusual an occurrence, that it would not be strange if it should not be provided for by law.   And when we consider that the collector has authority to levy on any property found on the premises during the year for which tax was assessed, or for three years after, it would seem that they had no idea that a collector would return it to the commissioners and have it sold as unseated.

The tax for the year 1820 ought to have been assessed in the autumn of 1819 ; it is, however, sometimes done in the months of January or February after.   Now, we have no evidence of November or December 1819, except that the lot had a double house on it, and was fenced; and was occupied by a tenant for four months in the beginning of 1820.   The cases of Harbison *v.* Jack, 2 *Watts* 125, and Shaffer *v.* M'Cabe, *Ibid.* 422, decide, that the removal of a tenant or adversary claimant from a cultivated farm for a few months, does not make it an unseated tract; and that the clearing and cultivating of fields in the regular rotation of farming crops, subject him who cultivates to payment of the tax, though he resides on a different tract; and that a tract on which fields are so cleared and cultivated cannot be sold, as unseated land, for taxes.

The case of Owens and Vankech, 3 *Watts* 260, is nearly in point. It distinctly appears in this case, that the collector made oath before the commissioners in order to be exonerated from taxes in his duplicate which he could not collect, not in 1820 but in 1822.   This house and lot then were not assessed as unseated, nor taxed as unseated ; and so it stood until 1822, when it was first called unseated, and was immediately sold.   The cases cited have decided that this cannot be done.   There was then no error in the court's saying that this house and lot, situated as proved by the testimony, could not be legally sold as unseated land.   If a house and lot, or a farm with buildings and fields and meadows, can ever be sold as unseated land, it must be after lying more than a few months unoccupied ; and after such continued neglect as shows that it is the intention of the owner not to renew his occupancy.

John Keating had been the owner of this lot in fee, and had sold it to one Thompson on a perpetual lease.   Thompson had built a double house on it, and, in 1818, sold it to Bousman for 400 dollars, subject, as he held it, to the rent of 20 dollars per annum to Keating. After the court had intimated an opinion as to the invalidity of Keating's title, as purchaser at the sale for Jones, the counsel alleged that Keating had a right to enter for the non-payment of rent, and that after thirteen years possession his entry will be and ought to be presumed legal.   The opinion of the court was, that under the evidence in this case such presumption did not arise.   That the rule *modum stabitur presumptioni donec in contrarium probetur* applied to this case ; and that after proof that Keating entered as a purchaser at treasurer's sale, he could not ask the jury to presume contrary to his own proof in the cause.   The right of entry in such

[Keating v. Williams.]

cases depends on the terms of the deed.  That part of the deed which relates to this matter is in these words: "And the parties hereto further covenant and agree, that if the said John Thompson, his heirs or assigns, shall happen to fall in arrear, to the amount of two whole years rent, and shall prove either unable or unwilling to pay and discharge the same at the end of any such two years, then, and in such case, the said John Keating, his heirs or assigns, shall and may enter upon the said demised premises; and the same, without let or hindrance, hire and rent out to any other tenant or tenants, for the best rent that can be obtained, and for such term of time as will be sufficient to satisfy such arrears of rent and the costs; but after such arrears and costs are fully paid and discharged, a tender shall then be made of the premises to the said John Thompson, his heirs and assigns; and if he or they shall not be in a condition to receive and occupy them, and to pay the rent as it becomes due, or shall refuse so to do, then the said John Keating, his heirs or assigns, shall continue to retain and occupy them as a perpetual security for the rent hereby stipulated and agreed upon, until it be otherwise paid and discharged."　　Now, by this, it is most apparent, that the entry was not to revest the fee in Keating; but that he was only to hold until he was paid his arrears of rent and costs, and then he was to tender the possession and an account to Thompson and his assignee. He had tendered no account.  There was no proof that two years rent were in arrear when he entered ; and there was proof that the rents since had been worth more than all due to Keating.  There is no pretence for saying that the account made by the counsel after the charge was delivered, ought to have gone to the jury, or been seen by them.

Judgment affirmed.