# Fish *against* Brown.

Although clearing a few feet or yards by an adjoining owner, would not take from a tract of land the character of unseated, and render it not liable to assessment and sale for taxes; yet the cultivation of several acres fixes the denomination of the whole tract, and charges the person of the cultivator, so that the tract cannot be sold for taxes.

When the defence is matter of fact, about which evidence has been given, it is error to instruct the jury, that "the defence set up fails, and the plaintiff is entitled to recover."

ERROR to the common pleas of *Armstrong* county.

This was an action of ejectment for a tract of land, by Joseph Brown against James Fish, the facts of which are sufficiently stated in the opinion of the court.

*Buffington,* for plaintiff in error.
*White,* for defendant in error.

The opinion of the Court was delivered by

Sergeant, J.—In Shaeffer *v.* M'Cabe, 2 *Watts* 421, it was held that a clearing over of a few feet or yards on another tract, by an adjoining owner, would not take from such tract the character of unseated, and prevent it from being liable to assessment and sale for taxes; but that the cultivation of several acres fixes the denomination of the whole tract, and charges the person of the cultivator with the

[Fish v. Brown.]

payment of the taxes, so that a sale of the tract for the taxes is, in the latter case, unauthorised. The plaintiff, in the present instance, claimed under a commissioner's deed for land previously sold as unseated, and purchased in by the commissioners; and the question was, whether the land was to be deemed unseated or not at the time of the assessment and sale. Contradictory evidence was given on the subject. But some of the witnesses for the defendant (Campbell and Barnett) swore to a clearing and cultivation of a five acre field by Campbell, comprising the field in which the defendant lived at the time of the trial. Another witness (Barr) testified that he knew the line between the claims of Brown and Campbell; that it ran through the five acre field, splitting it nearly in the middle. If these witnesses are believed, at least one half of the field was cultivated by Campbell, which is sufficient to bring the case within the rule. Whether these witnesses were to be believed was a question of fact for the jury. Yet the court charged " that some of the witnesses have testified to the clearing of some land; but, although a part of this may be within the lines, how much is altogether uncertain; none of them know the lines except by hearsay. Thus you have no testimony as to the extent of the land cleared within the line where the land was cleared. For this reason the defence set up fails, and the plaintiff is entitled to recover." In this, we think, the court went too far, and took from the jury what was matter of fact within their province to decide.

Judgment reversed, and a *venire facias de novo* awarded.