# Dietrick and Wilson *versus* Mason.

1. A tract had been divided; part was seated and part unseated. The whole was assessed together and sold for taxes. The assessment was irregular; but the sale passed a title to the part unseated and none to the part seated.

2. The unseated part was chargeable only with its own share of the taxes; and the repayment of the taxes of the seated part could not be demanded from the owner of the other before he could be permitted to redeem.

3. When an owner offers to redeem his land, it is the duty of the treasurer to state the taxes and costs to be paid, and if he misstate the amount, it will not affect the redemption.

January 31st 1868.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Sullivan county:* of October Term 1867.

This was an action of ejectment by Aaron J. Dietrick and James Wilson, against John G. Mason, brought to September Term 1864, in which there was a case stated in the nature of a special verdict.

The tract contained 307 acres, and was warranted in the name of William Kinley. Prior to the assessment of the taxes on it for 1852 and 1853, it had been divided into two tracts of 107 acres and 200 acres respectively. The 107 acres were seated, the 200 acres were unseated.

Taxes for 1852 and 1853 were assessed on the whole 307 acres, and being unpaid, the whole warrant was sold on the 12th of June 1854 to the defendants, who received a deed for it from the treasurer. Dart & Fitch, under whom the defendant claims, were the owners of the land at the time of the treasurer's sale. On the 12th of June 1855 the plaintiffs paid all the taxes due on the lands for 1854.

On the 29th of February 1856 Dart & Fitch paid to the treasurer $17.44, and received from him this "redemption receipt:"

| Quantity. | Warrantee. | Owner. | Purchaser. | Township. | Amount. |
|---|---|---|---|---|---|
| 200 | William Kinley. | Dart & Fitch. | Dietrick & Wilson. 25 per cent. . . . . | Fox. | $13.95½ 3.49 |
|  |  |  |  |  | $17.44½ |

"Received, February 29th 1856, of Dart & Fitch, by the

[Dietrick v. Mason.]

hands of B. S. Dart, seventeen dollars and forty-four cents, redemption money as per above statement for land sold in June 1854.
                "JOHN S. GREEN, Tr. of Sullivan C'ty."

This sum appears to have been $1.58 less than it should have been.

On the same day Dart & Fitch paid to the treasurer "$9.20, in full of county, state and road tax for the years 1854 and 1855, and also school tax for the year 1854."

The tract of 307 acres was again sold for taxes on the 14th of June 1858. The following extract is from the treasurer's sale book :—

| Quantity. | Warrantee. | Township. | Quantity. | Tax. | Costs. | Sold for. | Date of sale. |
|---|---|---|---|---|---|---|---|
| 307 A. | Wm. Kinley. | Fox. | 307 | $23.20 | $3.62½ | $26.92½ | June 14 1858. |

Mason afterwards paid to the treasurer $34.93, and received the following receipt :—

| Acres. | Warrantee. | Owner. | Purchaser. | Township. | Amount. |
|---|---|---|---|---|---|
| 200 | William Kinley. | J. G. Mason. | M. Meylert. | Fox. | $18.73½ |
| Add 25 per cent. | . | . | . | . | 4.68½ |
| Add amount of county, state, road, school and school building, for 1858 and 1859, paid by Michael Meylert . . . . . . | | | | | 11.51 |
| | | | | | $34.93 |

"Rec'd, Laporte, May 30th 1860, of J. G. Mason, per Wm. A. Mason, thirty-four 93-100 dollars in full of redemption money and taxes paid for the years 1858 and 1859 on the above-named tract of land, sold at June sales for taxes of 1856 and 1857.
            "ROBERT KITCHEN, Treasurer of Sullivan county."

The question submitted to the court was whether the land had been properly redeemed, and if so, judgment was to be entered for the defendants; if otherwise, for the plaintiffs.

The court (Elwell, P. J.) entered judgment for the defendant. The plaintiffs took a writ of error, and assigned this judgment for error.

J. J. Ingham, for plaintiff in error, cited Acts of March 13th 1815, § 4, Purd. 995, pl. 35, 6 Sm. L. 301; May 8th 1855, § 1, Purd. 997, pl. 48, Pamph. L. 519; Bubb v. Tompkins, 11 Wright 359; 2 Greenl. Ev. §. 601; Blight v. Ashley, 1 P. C. C. R. 24; Morton v. Harris, 9 Watts 327; Blackwell on Tax Titles, p. 433.

[Dietrick *v.* Mason.]

*H. W. Patrick*, for defendant in error, cited Bubb *v.* Tompkins, 11 Wright 359; Price *v.* Mott, 2 P. F. Smith 315; Stewart *v.* Jewell, 11 S. & R. 359; Williams *v.* Hazlep, 2 Harris 157.

The opinion of the court was delivered, February 10th 1868, by

AGNEW, J.—There are two questions in this case; one upon the right of Dart & Fitch to redeem their 200 acres of land from the sale for taxes of 307 acres; and the other, upon the effect of the county treasurer's receipt for the redemption-money.

The tract was sold as containing 307 acres charged with $17.80 taxes and $3.62 costs. It is admitted in the statement of the case that the 200 acres only were unseated, of which Dart & Fitch were the owners. The remaining 107 acres belonged to a different ownership, and were seated, and had been divided off by a line of survey running through the original tract before the assessment of the taxes for which the land was sold. It is clear therefore that the assessment of the two parts as a single tract was irregular, and the sale conferred no title to the 107 acres of seated land. But a good title would pass under the sale for the 200 acres after the time of redemption had gone by: Mitchell *v.* Bratton, 5 W. & S. 451; Campbell *v.* Wilson, 1 Watts 503; Harper *v.* McKeehan, 3 W. & S. 238; McCord *v.* Bergautz, 7 Watts 487. But the assessment was irregular, and the 200 acres were chargeable with their own share only of the taxes. Yet being actually unseated and legally charged with their own proportion of the tax, the excess was at most only an irregularity in the assessment which would be cured by the 4th section of the Act of 13th March 1815. The treasurer having jurisdiction to sell for so much of the tax as was legally chargeable to the land, the purchaser would take a good title; yet this would not justify the sale for the taxes of the 107 acres, and it would be grossly unjust to demand their repayment before the owner of the unseated land should be permitted to redeem. The right to redeem is as perfect as the right to make sale, and it cannot be clogged with a condition that the owner shall pay the taxes of others for which no sale could legally be made. It is true, the words of the act are, he shall pay the amount of the taxes for which the land was sold; but this cannot mean that he shall pay the taxes of seated lands improperly included and illegally assessed and sold along with his. The proper meaning in *such* a case is that he shall pay the amount of the taxes for which his own land was sold. If it be said this will deprive the purchaser of a part of the money he has paid, the reply is that as to that he bought illegally. He bought 307 acres, but the 107 acres being severed and seated, he was bound to know that as to this part and the taxes assessed upon it, the sale was void for want of jurisdiction. As to the 200 acres, though they were irregularly assessed and

[Dietrick v. Mason.]

sold, yet he was protected by the law if the owner did not redeem, and the advantage was so far on his side. His remedy for the taxes of the seated part was not against the owners of the unseated part, but against the county which had illegally received his money under a void proceeding as to the seated land. We are of opinion therefore that a redemption of the 200 acres by Dart & Fitch could be legally effected by payment of the proportion of the taxes stated by the treasurer as chargeable to that part of the land, together with the costs and 25 per cent.

But it seems that in making out the statement the treasurer by miscalculation made it $1.58 less than the true amount. It is argued that Dart & Fitch were bound to tender the full amount, and that no duty lay upon the treasurer except to receive what might be offered to him. This is not the law. The parties acting in the redemption are the owner and the officer. The owner must apply for the redemption, but the treasurer must furnish him with the means of making his tender. The treasurer is the legal custodian of the books and the entries of the taxes and costs containing the information necessary to know the sum to be tendered. This information it is his duty to give, and he cannot even simply lay the books before the owner and compel him to search them for himself. The knowledge of the latter may not be adequate to find what he needs. It is therefore the duty of the treasurer to state the taxes and costs to be paid, and if he misstate the amount, his miscalculation or omission shall not defeat the redemption. The owner having called for the amount and paid all demanded for the redemption, cannot be involved in the loss of his land by the mistake of the officer, but the treasurer must make good the deficiency to the purchaser. The same principles apply also to the taxes subsequent to the sale payable under the Act of 1815. The following authorities establish these principles: Price v. Mott, 2 P. F. Smith 315; Bubb & McHenry v. Tompkins, 11 Wright 359; Baird v. Cahoon, 5 W. & S. 540.

Judgment affirmed.