The Supreme Court reversed the decision of the Court below on February 10, 1879, in the following opinion by
Trunkey, J.:
The depositions of Fore and McDonald were rightly received, as they were pertinent to the issue. No objection was made, save for irrelevancy. Had objection been made specially to the portions wherein the witnesses expressed their belief as to the identity of the McHorton Moore tract and Moore Wharton tract, doubtless it would have been sustained.
*124 The main question is, was there sufficient evidence of the invalidity of the tax title ? Although the burden was upon the defendant to show failure of consideration, he was entitled to all testimony in the cause bearing on the question. It is conceded that both parties knew, at the time of conveyance and giving the bond and mortgage, the nature of the vendor’s title to the land. The defendant gave testimony tending to show that no land answering to the description in the deed could be found. Fore and McDonald, on plaintiff’s side, proved there is a tract of land on the unseated land books taxed in the name of McHorton Moore ; that no tract warranted in his name can be found; that a tract is warranted in the name of Moore Wharton, partly seated and partly unseated, containing 310 acres, the unseated part containing something over 200 acres. Not a particle of evidence tends to show an actual division of the Moore Wharton tract; and if any part was seated at the time of the assessment the whole was, and consequently no title passed by virtue of the Treasurer’s sale. Green vs. Watson, 10 Casey 332; Ellis vs. Hall, 7 Har. 292; Kennedy vs. Daily, 6 Watts 269; Fish vs. Brown, 5 Watts 441; Sheafer vs. McKabe, 2 Watts 421. We could hardly have supposed a matter so fatal to the plaintiff’s case related to the assessment which was the foundation of the sale, were it not for the point in his argument, that if there was failure of title to the seated portion the equities between the parties could have been adjusted in the Court below had this question been raised.
The Treasurer’s deed was “for a tract of unseated land containing 310 acres, situate in Belfast township, Fulton county, surveyed to McHorton Moore.” All the witnesses agree that no land can be found which was surveyed or warranted in that name. None testifies that McHorton Moore was ever known, or reputed, as the owner, tenant or claimant of the Moore Wharton tract. A sale for taxes without description, circumstance or name, having any known relation to the land, is bad. Lyman vs. City of Philadelphia, 6 P. F. S. 488. An assessment of a certain number of acres of land, without any other description or means of identity, in name of a person unknown in connection with any title or possession of the land, will not support a sale for. taxes. The City of Philadelphia vs. Miller, 13 Wright 440. After reference to those cases, it is enough to say, that “McHorton Moore tract” is not descriptive of the Moore Wharton tract.
*125 So, far from the plaintiff having shown a good tax title he showed a worthless one. The jury should have been instructed that, believing the witnesses of both parties, no land passed by the sale for taxes.
Judgment reversed, and a venire facias de novo awarded.