## Home Owners' Loan Corporation Tax Case.

Argued April 22, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*William McElwee, Jr.*, for appellant in No. 191.
*Chas. H. Young*, for appellant in No. 196.

*H. A. Wilkison*, with him *Samuel A. Armstrong*, for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

These appeals are from the order of the court sustaining exceptions to a county treasurer's sale.

Giovanni Di Giacomo applied to the Home Owners' Loan Corporation for a loan in the sum of $3600 in order to pay past due taxes and other liens on certain real estate he owned. To determine the amount of the delinquent taxes that would have to be paid out of the proceeds of the loan, an attorney acting for the borrower and the lender requested the county treasurer to furnish him with a statement of all taxes against the property. A statement, intended to contain a complete list of all the delinquent taxes, was prepared by an employe of the county treasurer and on June 13, 1935, it was delivered to the attorney. It showed that the 1932, 1933, and 1934 taxes had not been paid, but did not set forth any unpaid school tax for 1931. The loan was made and the attorney in distributing the proceeds thereof paid all the taxes shown to be unpaid by the county treasurer and other liens and encumbrances totalling $3598.20, which was $1.80 less than the amount

of the loan. The borrower defaulted in his payments on the mortgage which was foreclosed and the property conveyed on October 2, 1939, by the sheriff to the Home Owners' Loan Corporation, the purchaser, on a bid of $50.

The record discloses that the 1931 school tax had been returned May 2, 1932, as unpaid and had been entered in the Tax Return Docket kept in the office of the county commissioners, properly indexed, and duly certified to the county treasurer for receipt and collection pursuant to the Act of 1931, May 29, P. L. 280, §§1, 2, 3, 72 PS §5971a, b, c. On May 1, 1937, subsequent to the recording of the appellee's mortgage, but prior to the sheriff's sale, a lien was filed with the prothonotary for the 1931 school tax. The county treasurer sold the property on May 1, 1940, for the 1931 school tax and made his return to the court and to this sale exceptions were filed, the sustaining of which is the basis of this appeal.

The courts have uniformly held that a public official charged with the duty of collecting delinquent taxes is obliged to furnish the owner of the real estate a correct and complete statement of taxes certified to him for collection and that payment of all taxes contained in such a statement is a discharge of the real estate from liability for taxes due and payable.

In *Bubb et al. v. Tompkins,* 47 Pa. 359, it was held that where an owner within the proper time comes to the county treasurer, the duly authorized officer to receive taxes, and offers to pay charges against his real estate a mistake of the officer in not including all the taxes does not invalidate the redemption of the property. The court there said, p. 360: "It was very natural to trust him—most people do so—and the law cannot declare such trust wrong." See, also, *Price v. Mott,* 52 Pa. 315; and *Dietrick et al. v. Mason,* 57 Pa. 40.

*Breisch et al. v. Coxe et al.,* 81 Pa. 336, is probably most frequently cited by our courts on this subject. It

was an action of ejectment involving the validity of the sale of unseated land in 1852 for non-payment of 1850 road taxes which the county treasurer had failed to include in a statement to the owner, who paid the full amount shown therein to be due. The sale was held invalid. Mr. Chief Justice AGNEW, speaking for the court, said, p. 346, that while it is the duty of an owner to pay taxes, he cannot assess himself or know what is charged against him, nor can he discharge this obligation until he has knowledge of the amount he is to pay and to perform that duty he must apply to the treasurer for the taxes against his land. "If this officer fail to give him the information on demand, on what just principle shall it be said he has not performed his duty? It is said, there are the tax books open to inspection, let him search them. But this is neither his business nor his duty."

In *Africa et al. v. Trexler*, 232 Pa. 493, 81 A. 707, the owner wanted to pay his taxes as here, but failed to do so by reason of the neglect of the county treasurer, and by no fault of his own. The court held that the sale of the land by the county treasurer passed no title to the purchasers. The opinion writer said, p. 503: "The defendant having made the proper effort to pay the taxes charged against the land in dispute, and having failed by reason of the improper act of the treasurer and by no fault of his own, the effect as to the legality of the purchasers' title was the same as though the taxes had been actually paid."

True, the foregoing cases involved unseated lands, while in the instant case we are dealing with seated lands. This distinction does not affect the underlying principle before us. That fact is shown in *Pottsville Lumber Co. v. Wells*, 157 Pa. 5, 27 A. 408, which involved seated lands and approved the principle laid down in the Breisch case, and cited with approval the language of Chief Justice AGNEW in that case to which

we have referred. See, also, *Philadelphia v. Anderson,* 142 Pa. 357, 21 A. 976.

The Act of 1931, supra, was not in force when the foregoing cases were decided, but the procedure was the same under the various applicable statutes as under the Act of 1931. Delinquent taxes were returned to the county commissioners' office, docketed and indexed, then certified to the county treasurer. The appellants ask us in effect to permit them to take advantage of a mistake of their authorized agent, which would penalize the appellee after performing its full duty. A compliance with this request would not be warranted by any equitable principle nor would it be in conformity with the law applicable to the case.

While there are other points raised by the appellants, the one we have been considering is controlling and therefore it is unnecessary to discuss the others. The court correctly sustained the exceptions to the county treasurer's sale.

Each of the two appeals taken in this case—one by the County of Lawrence, 191 April Term, 1942, and the other by the School District of the City of New Castle, 196 April Term, 1942—is dismissed and the order of the court below is affirmed at the respective appellant's costs.