## Weiser *v.* Freeman, Appellant.

*Deed—Condition—Building restrictions—Forfeiture—Light and air.*

Where an owner of unimproved land lying contiguous to his residence conveys the land "under condition" that a portion of the land immediately contiguous to the grantor's residence shall never be built upon back of a certain line from the street and of a certain width, and it appears that this provision was inserted in the deed to protect the grantor in the enjoyment of light and air, and thereafter the grantee improves the land granted to him by erecting two buildings thereon, strictly in accordance with the condition in the deed, and conveys the same to different parties, a subsequent owner of the lot burdened with the building restriction cannot be enjoined from building thereon in violation of the condition, by the owner of the other portion of the originally unimproved land, on the theory that the original owner might forfeit the title to both lots as for condition broken, where there is nothing whatever in the pleadings to raise the question of forfeiture, or to justify the application of such theory.

Argued Jan. 8, 1909. Reargued Jan. 20, 1910. Appeal, No. 243, Jan. T., 1908, by defendant, from decree of C. P. No. 4, Phila. Co., March T., 1907, No. 2,771, on bill in equity in case of Henry S. Weiser and Henry Hendricks v. George C. Freeman. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ., on reargument. Reversed.

Bill in equity for an injunction. Before AUDENRIED, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding injunction.

*Preston K. Erdman* and *Charles B. Joy*, with them *Paul Freeman*, for appellant.—The clause mentioned by the trial judge created a building restriction in the nature of a covenant and not a condition. The grantor and his heirs have no right of entry for condition broken, and cannot enforce a forfeiture: King v. Ry. Co., 99 Va. 625 (39 S. E. Repr. 701); City Mission v. Appleton, 117 Mass. 326; Paschall v. Passmore, 15 Pa. 295; Bradley v. Trust Co., 7 Pa. Superior Ct. 419; Fidelity Ins., etc., Co. v. Fridenberg, 175 Pa. 500; Clark v. Martin, 49 Pa. 289; Crofton v. St. Clement's Church, 208 Pa. 209; Orne v. Fridenberg, 143 Pa. 487; Cassidy v. Mason, 171 Mass. 507 (50 N. E. Repr. 1027); Post v. Weil, 115 N. Y. 361 (22 N. E. Repr. 145); Meigs v. Lewis, 164 Pa. 597; Landell v. Hamilton, 175 Pa. 327; Ayling v. Kramer, 133 Mass. 12; Watrous v. Allen, 57 Mich. 362 (24 N. W. Repr. 104).

In Pennsylvania, where a building restriction is created by words apt at common law to create a condition, all rights, including any right of re-entry, pass with the conveyance of the dominant tenement, and do not remain in the original grantor and his heirs after they have conveyed away all their interest in the dominant tenement. The right to enter for condition broken passes as an appurtenance to the dominant tenement: McKissick v. Pickle, 16 Pa. 140; Fidelity Ins., etc., Co. v. Fridenberg, 175 Pa. 500; Slegel v. Lauer, 148 Pa. 236.

Therefore, we submit that Mifflin and his heirs have no right to re-enter even if this were held to be a condition, but that all

rights are now vested in the dominant tenement, viz., No. 1208 Walnut street. The owners of that property, viz., the dominant tenement, have not complained of the breach of the restriction and consequently the plaintiffs cannot do so.

As examples of conditions enforced by the owner for the time being, where the restriction was in the form of a condition, see also: Hansell v. Downing, 17 Pa. Superior Ct. 235; Clark v. Martin, 49 Pa. 289; Crofton v. St. Clement's Church, 208 Pa. 209.

Considered as a condition, the condition was broken in 1894 and 1904 by the erection of buildings which violated its terms. That neither the plaintiffs, nor the defendant, were the owners of their respective properties, when this condition was first broken: and considered as a common-law condition, when once broken it is gone forever: Dumpor's Case, 4 Coke's Reports, 119; Sharon Iron Co. v. Erie, 41 Pa. 341.

The plaintiffs' lot and defendant's lot have belonged to separate owners for over fifty years. The plaintiffs' lot could not be held responsible for violation of the restriction on the defendant's lot, the plaintiffs' lot having no part therein and not aiding it in any way.

In England this clause would be void as offending against the rule against perpetuities: Dunn v. Flood, L. R. 25 Ch. Div. 629.

There being no suggestion or intimation in this case that the heirs of the original grantor have taken any action upon the breach of this restriction, the plaintiffs have not the right to an injunction. The possibility of danger is too remote: Crofton v. St. Clement's Church, 208 Pa. 209.

*John G. Johnson,* with him *Randolph Sailer,* for appellees.— The condition in the Mifflin deed of 1828 is a technical common-law condition, for breach of which the grantor and his heirs may enter and enforce a forfeiture: Gray v. Blanchard, 25 Mass. 284; Clapp v. Wilder, 176 Mass. 332 (57 N. E. Repr. 692); Smith v. Barrie, 56 Mich. 314 (22 N. W. Repr. 816); Pabst v. Hamilton, 133 Cal. 631 (66 Pac. Repr. 10); Hamilton v. Elliott, 5 S. & R. 375; Sheaffer v. Sheaffer, 37 Pa. 525;

Lehigh Coal & Navigation Co. v. Early, 162 Pa. 338; Fritz v. Menges, 179 Pa. 122; Sharon Iron Co. v. Erie, 41 Pa. 341; Post v. Weil, 115 N. Y. 361 (22 N. E. Repr. 145); Westenberger v. Reist, 13 Pa. 594; Watrous v. Allen, 57 Mich. 362 (24 N. W. Repr. 104).

The condition has not been destroyed nor the right of re-entry lost by the heirs of Samuel Mifflin, by reason of any violation of its terms, nor is there any evidence in this case that the condition was ever broken. If such evidence did exist, it would not avail the defendant: Lehigh Coal & Nav. Co. v. Early, 162 Pa. 338; Lynch v. Gas Co., 165 Pa. 518.

Forfeiture for breach of condition would involve the land of the plaintiffs, and they are entitled to equitable protection by injunction to prevent this result.

In the United States common-law conditions do not offend against the rule against perpetuities, whatever may be the rule in England: Hopkins v. Grimshaw, 165 U. S. 342 (17 Sup. Ct. Repr. 401).

The danger to appellees of the loss of their entire estate by breach of condition is constant and imminent, and entitles them to an injunction: Hood v. Penna. Society, 221 Pa. 447; Campbell v. Shrum, 3 Watts, 60; Blank v. Kline, 155 Pa. 613; Kelly v. Ry. Co., 200 Pa. 229; Whitney v. Union Ry. Co., 77 Mass. 359; Parker v. Nightingale, 88 Mass. 341; Linzee v. Mixer, 101 Mass. 512.

The words of the deed of 1829 from James Cooper to Sarah K. Carpentier, read in the light of the surroundings of the parties and subject to the grant, disclose a clear intent to create a restriction over No. 1210 Walnut street in the nature of a covenant running with the land of plaintiffs, which equity will enforce by injunction: Landell v. Hamilton, 175 Pa. 327; Muzzarelli v. Hulshizer, 163 Pa. 643.

Opinion by Mr. Justice Brown, January 31, 1910:

In 1825, Samuel Mifflin purchased at sheriff's sale a lot of unimproved land situated on the southeast corner of Dean (now Camac) and Walnut streets, in the city of Philadelphia, containing in front on Walnut street sixty-four feet and ex-

tending in depth southward 110 feet to Chancellor street. When he made this purchase he resided with his wife in a house which formed part of her separate equitable estate. It stood on the lot now known as No. 1208 Walnut street, east of and immediately adjoining the vacant land which Mifflin had purchased at sheriff's sale. In 1827 he conveyed to John Bonsall the western portion of this land, containing in front on Walnut street twenty-two feet and extending southward of that width, along the east side of Dean street, 110 feet to Chancellor street. That lot, however, is not involved in this controversy. In 1828, Mifflin sold to James Cooper the remaining portion of the land which he had purchased at sheriff's sale. The lot sold to Cooper contained in front on Walnut street forty-two feet and extended of that width southward 110 feet to Chancellor street. In the conveyance to him the following appears in the habendum clause: "Under the condition that no building or part of a building, other than steps, cellar doors, eaves, cornices, etc. (as specified in a certain indenture recorded in deed book, M. R. No. 13, p. 491), shall be erected on said lot within three feet of the line of the said Walnut street and under the condition also that no building or part of a building or other obstruction (except a bath house and privy and walls or fences not exceeding eight feet in height from the level of the ground) shall be built or erected on the easternmost twenty-one feet of the said hereby granted lot further south than fifty-nine feet from the original line of the said Walnut street." Upon the land purchased from Mifflin, Cooper erected two contiguous dwellings, one of them known as No. 1210 and the other as No. 1212 Walnut street. The house No. 1210 stands upon the eastern half of the ground and No. 1212 upon the western half. The house No. 1210 is twenty-one feet wide, is built without back buildings and lies wholly north of the line parallel with and fifty-nine feet south of the original line of Walnut street. The land between the south end of the house and Chancellor street was left open, except for privy and walls less than eight feet high, in accordance with the restriction in the deed from Mifflin to Cooper. The main building of the house No. 1212 as constructed by Cooper

was twenty-one feet wide and forty-four feet deep.  It had back buildings which extended southward about fifty-one feet and were in part eight feet wide and in part fourteen feet six inches wide.  The western wall of this house contained no openings for windows.  The back buildings were lighted by windows in their east wall.  In 1829, Cooper and wife conveyed to Sarah K. Carpentier the lot of ground on which the house now known as No. 1210 has been erected.  The deed to Mrs. Carpentier recited the conveyance to Cooper by Mifflin of the forty-two feet wide lot under the condition which has been quoted above, and granted the eastern half of the lot to Mrs. Carpentier, to have and to hold "under the conditions aforesaid."  The defendant is now seized in fee of the house and lot known as No. 1210 Walnut street, his title thereto relating back to that of Mrs. Carpentier.  Each deed in his chain of title recites that the property is subject to the condition as set forth in the deed from Mifflin to Cooper, and the habendum in each deed is "to have and to hold under the conditions aforesaid."  Cooper died seized of the house and lot No. 1212, and that property is now owned in fee by the plaintiffs, whose title goes back to Cooper.  The defendant began to erect, in the rear of lot No. 1210 south of the line fifty-nine feet south of the original line of Walnut street, a building covering that entire area and exceeding eight feet in height from the level of the ground.  This bill was filed to enjoin the erection of that building and, upon final hearing, the perpetual injunction prayed for was awarded.

The averment in the bill upon which the complainants based their right to an injunction is, that by virtue of the condition set forth in the deeds from Mifflin to Cooper, from Cooper to Carpentier, and the succeeding conveyances, culminating in the deed to the defendant, there was created an easement to light and air over the area named in said condition in favor of the premises No. 1212 Walnut street, which the owners of No. 1210 were restricted from diminishing or affecting, and that the said easement has at all times enhanced the value of No. 1212 and reduced that of No. 1210.  The manifest purpose of the bill was the protection of this alleged easement, and the

court below so understood its purpose, for the opening sentence of the adjudication is "The plaintiffs aver that they are the owners of a certain lot of ground with respect to which the defendant's adjoining lot is subject to the servitude of a building restriction that the defendant is violating, and they pray that their easement over the restricted property may be enforced by injunction."

Unequivocal findings of the court below are that, in inserting the condition in the habendum clause in his deed to Cooper, it was the intention of Mifflin to benefit the premises No. 1208, occupied by himself and family; that the condition was not intended in any way to benefit the premises No. 1212, now owned by the appellees, and that the insertion of the recital of the condition in the deed from Cooper to Carpentier was not intended to renew or create the condition in any way, but was a mere recital thereof for the convenience of the grantee and her successors in title. Equally unequivocal legal conclusions are that the condition relating to buildings on the easternmost twenty-one feet of the lot conveyed by Mifflin to Cooper created the restriction over premises No. 1210 in favor of the premises on the east—1208—occupied by Mifflin and his wife, and that, as this condition as to the easternmost twenty-one feet was not intended to benefit the property on the west—No. 1212 Walnut street—the benefit thereof cannot be claimed by the appellees, the present owners of that property. These findings and conclusions were manifestly correct, for when Mifflin conveyed the forty-two feet to Cooper there was no reason why he should have reserved any easement in favor of lot No. 1212, the westernmost portion of the property, but there was reason for continuing the enjoyment of light and air from the easternmost portion of the lot by the home occupied by himself and family. We are not called upon to say anything in vindication of the correctness of the findings of fact and conclusions of law referred to, for neither of them was excepted to by the appellees in the court below, and they are, therefore, conclusive upon them. Under those findings and conclusions the bill clearly ought to have been dismissed, for the appellees had no easement to be

protected, but, upon a theory of its own, apparently not advanced by the appellees on the hearing, so far as we can gather from the record, the court directed the injunction to go out. That theory was that in the deed from Mifflin to Cooper a common-law condition had been imposed, the breach of which would give Mifflin and his heirs a right of re-entry upon the whole forty-two feet wide lot conveyed to Cooper, and that, to protect the lot of the appellees from forfeiture to Mifflin's heirs, they were entitled to an injunction to prevent a breach of the condition by the appellant, the owner of the other lot.

The injunction did not go out to preserve to the appellees the enjoyment of an easement of light and air which they possessed, and yet the only issue raised by the pleadings was the right to such an easement and interference with it. There is no averment in the bill that the property of the appellees will be in any danger of forfeiture to Mifflin if the condition in his deed to Cooper should be broken, and yet that is the sole ground upon which the decree was made. The view of the learned chancellor through all his answers to the requests of the appellant for findings of fact and conclusions of law was that the condition in Mifflin's deed to Cooper did not operate as a condition in favor of lot No. 1212, but gave to Cooper and his successors in title to lot No. 1212 the right to be protected from forfeiture which might result from a breach of the condition in the deed by the owner of lot No. 1210. With no averment of any danger of such a forfeiture of their property likely to result from the breach of what the court below has found to be a condition upon which the land was conveyed by Mifflin, there was error in awarding the injunction to prevent forfeiture. That question was not before the court, and, if it had been, there ought to have been some evidence of such danger, if the condition was enforcible by forfeiture. A mere remote possibility of such danger would be insufficient to entitle complainants to an injunction: Jewell v. Lee, 96 Mass. 145. The bill was not filed through fear of forfeiture, as clearly appears from its face, but to protect an alleged easement which the court below has found the appellees do not possess, and that was the end of their case as presented by the pleadings.

However clear it may be that Mifflin's intention was merely to create an easement of light and air for the benefit of his wife's adjoining property on the east, which was occupied by them as a residence, that he did not intend to create a personal right to enter for condition broken at the personal whim of himself or his heirs, without regard to their ownership of the adjoining property to be benefited by the restriction, and that certain land, and not a certain line of persons, was to be benefited, we do not now so decide, for two reasons: First, that question is not raised by the pleadings; and, second, if we should so now decide, our decision would not be conclusive upon the heirs of Mifflin, as they are not parties to this proceeding.

The decree of the court below is reversed and the bill is dismissed at the costs of the appellees.