## Drucker v. Russell, Appellant.

*Deeds — Building restrictions — Use for commercial purposes — Recitals in deed—Residential neighborhood—Laches—Waiver.*

1. Where building restrictions are inserted in a deed not for the convenience or comfort of the grantors, nor for the benefit of their adjoining land only, but as a part of a general plan of the development and improvement of the property of the vicinity, and such restrictions are recited in every deed in the subsequent chain of title, all the subsequent owners in the line of title may enforce such restrictions against each other.

2. The language of a deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made.

3. A deed containing restrictions against the commercial use of the property conveyed will be construed in light of the fact that at the time it was made the locality in which the property was situated was rapidly developing into a residential neighborhood.

4. A plaintiff in a bill to restrain the violation of a building restriction in a deed forbidding the use of property for commercial

**444** DRUCKER *v.* RUSSELL, Appellant.

purposes, is not bound to anticipate that defendant would violate the covenants of the deed until she actually did so.

5. Where, in such case, defendant had a right to erect an apartment house, but not to use part of the same for stores, plaintiff cannot be charged with laches, if he files his bill a month after stores in the building are opened.

Argued January 16, 1924. Appeal, No. 68, Jan. T., 1924, by defendant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1922, No. 4652, on bill in equity, in case of Jerome J. Drucker v. Rebecca Russell. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before McDEVITT, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendant appealed.

*Error assigned* was decree, quoting it.

*Roland C. Heisler,* with him *Edward Hopkinson, Jr.,* for appellant.—Restrictions on the use of land are not favored by the law: DeSanno v. Earle, 273 Pa. 265; Mc-Closkey v. Kirk, 243 Pa. 319.

The restrictions were not part of a plan of development: Harmon v. Burow, 263 Pa. 188.

Where a tract of land is conveyed to a person, with restrictions, and he afterwards subdivides the land and conveys the several lots to third persons, without restrictions, his several grantees or their successors in interest have no right to enforce inter se the restrictions in the deed to their common grantor: Weiser v. Freeman, 227 Pa. 78; Schneider v. Gorchow, 30 Pa. Dist. R. 281; Sharp v. Ropes, 110 Mass. 381.

*Albert T. Hanby,* for appellee.—That it was the intention of the trustees of the Price Estate to create restrictions for the benefit of each holder in title is clear from the wording of the restrictions, and thus are enforceable

against each other, each having taken title subject to the restrictions from the same grantor, Calvin W. Rogers: St. Andrew's Lutheran Church's App., 67 Pa. 512; Dewar v. Carson, 67 Pa. Superior Ct. 527; Murphy v. Ahlberg, 252 Pa. 267; Landell v. Hamilton, 175 Pa. 327; Rabinowitz v. Rosen, 269 Pa. 482; McCloskey v. Kirk, 243 Pa. 319; Electric City Land Co. v. Coal Co., 187 Pa. 500.

OPINION BY MR. JUSTICE SCHAFFER, February 18, 1924:

The trustees of the estate of Eli Kirk Price, being the owners of two adjoining pieces of land in the City of Philadelphia, one at the southeast corner of 49th and Walnut streets, containing 100 feet on Walnut Street, 350 feet deep, and the other adjoining, having a front on Walnut Street of 115 feet, on January 2, 1911, conveyed the piece first named to Emanuel Kern subject to this restriction: "Upon condition that......the lot [shall be subdivided] into no more than twenty-three building lots, that each of said building lots shall be improved with a dwelling house at least three stories high, similar to and of no less value than those recently erected on Walnut Street between 49th and 51st streets, and that no portion of the said lots of ground or of the buildings to be erected thereon shall be used for the manufacture or sale of intoxicating liquors, or for any other industrial or commercial purpose."

Kern, the grantee, by two deeds dated January 3, 1911, granted the property to Rogers subject to the restrictions and by mesne conveyances a portion of the lot at the corner of 49th and Walnut streets, containing in front on Walnut Street 40 feet and being 100 feet in depth, became vested in defendant; each deed in his chain of title is subject to the restrictions, and plaintiff, by virtue of intermediate conveyances, each likewise reciting the land as subject to the restrictions, became the owner of a lot fronting on 49th Street, part of the property purchased by Kern from the Price Estate, directly

adjoining defendant's property on the rear. Just when and by whom the entire tract acquired by Kern from the Price Estate was ultimately completely subdivided does not appear, but all deeds made subjected each lot to the restrictions. When the Price Estate conveyed to Kern, it owned not only other adjoining land on Walnut Street but several acres in the near vicinity.

In March, 1922, defendant began the erection of an apartment house on her lot at the corner of 49th and Walnut streets. There were two large rooms in the front part of the basement which on completion of the structure were rented for stores. Plaintiff filed this bill to restrain the occupation of part of the building for commercial purposes, invoking in his behalf the restriction heretofore recited. After hearing, the court below entered a decree forbidding the store use of the premises, from which defendant brings this appeal.

The main contention of appellant is that the restrictions were placed in the deed to Kern for the benefit solely of the Price Estate and its retained land, and, therefore, plaintiff is not entitled to enforce them. We think this position is not tenable, as a consideration of the language shows. The grantors, who were the owners of other and adjoining lands, contemplated a building improvement on the property they were selling, and provided that it "shall be subdivided into no more than twenty-three building lots" and that each thereof "shall be improved" with a dwelling "similar to and of no less value than those recently erected on Walnut Street between 49th and 51st streets." Appellant treats the situation as though the Price Estate had no other purpose to serve by the provision in the deed than to protect the adjoining lot which they still held, but the language of the restriction and the then existing circumstances show otherwise.

This is an entirely different case from those in which there has been a building restriction imposed by the alienor of land for the benefit of an adjoining property

which he owns, such as the ones in Weiser v. Freeman,
227 Pa. 78, and Clark v. Martin, 49 Pa. 289, in the first
of which it was provided that the easternmost twenty-
one feet of the lot conveyed should have no building
exceeding eight feet in height erected thereon farther
south than 59 feet from Walnut Street, and in the second
of which it was stipulated that the building over the rear
of the granted lot should not be higher than 10 feet.
These and other cases of like kind are where the restric-
tion is for the convenience and comfort of the grantor
as the occupier of an adjoining property. The case at
bar is in a dissimilar class. The restrictions were in-
serted by the grantors, the Price Estate, not for the pur-
pose of ministering to their convenience or comfort, or
for the benefit of their adjoining land only, but as part of
a general plan of the development and improvement of
the property in the vicinity, as the wording of the clause
itself indicates. As was said in Harmon v. Burow, 263
Pa. 188, 190, the "evident purpose is to add to the de-
sirability and value of the lots......and protect all the
purchasers." Every deed in the chain of title recited the
restriction and every grantor, including the one who
finally made the division into building lots by his recital
thereof, wrote the covenants into his deed; each alienee,
including defendant, had express notice of them by the
language of the instrument which gave him title.

The case might be different if this had not been mani-
festly a development project for the property or if the
restrictions had not been carried into the subsequent
deeds. We are not unmindful of the rule that "Where
restrictions imposed are not as a part of a general scheme
of improvement, but are for the benefit of land retained
by the grantor, the grantees, in case there are more than
one, cannot enforce such restrictions against each other,
unless there is a showing that the restrictions are intend-
ed for their benefit as well as that of the grantors": 18
Corpus Juris 396; but this rule plays no part in the de-
cision of the pending case, because the restrictions here

were not for the sole benefit of land retained by the grantors, but for development purposes. Nor does the rule invoked by appellant and which is set forth in 27 Ruling Case Law 765, apply: "Where a tract of land is conveyed to a person with restrictions and he afterwards subdivides the land and conveys the several lots to third persons *without restrictions,* his several grantees or their successors in interest would have no right to enforce inter se the restrictions in the deed to their common grantor." Here the restrictions were written into every succeeding deed. The case in hand is readily distinguished from Korn v. Campbell, 192 N. Y. 490, 85 N. E. Repr. 687, cited by appellant, where there was no evidence that the land the original grantor restricted was to be divided, here the intention that it should be is as manifest as language can make it.

At the time these restrictions were entered into, that part of West Philadelphia in which the property is located was rapidly developing into a residential neighborhood and they were placed in the deed for the purpose of continuing and guaranteeing its character. The accepted rule is that the language of a deed should be interpreted in the light of the apparent object or purpose of the parties and of the conditions existing when made: Rabinowitz v. Rosen, 269 Pa. 482; Murphy v. Ahlberg, 252 Pa. 267.

As to the question of laches, it is sufficient to say that plaintiff was not bound to anticipate defendant would violate the covenants of her deed until she actually did so. The stores were not opened, one of them until September 4th, and the other until September 14th. The bill was filed about a month thereafter, on October 19th. It would seem that appellee moved reasonably promptly to assert his rights. The case differs from Coates v. Young Women's Christian Assn., 245 Pa. 426, where laches was imputed to the plaintiff for not sooner asserting her rights under a building restriction. There the mere erection of the building was violative of the

restriction, here defendant had the undoubted right to erect the apartment house; it was the use to which part of it was put that violated the provisions of the deeds.

The assignments of error are overruled and the decree affirmed at appellant's cost.