## Baird *against* Cahoon.

Respecting the sale of and the payment of taxes assessed upon unseated lands, the county treasurer, as well as the owner of the lands, has duties to perform; and if the taxes be not paid and the land be sold in consequence of the neglect of the one or the other, it must be referred to the jury to determine to which the neglect is attributable.

ERROR to the Common Pleas of *Luzerne* county.

This was an action of ejectment for 200 acres of land by Thomas Baird against Anning C. Cahoon and Henry Pettibone. The plaintiff claiming under Samuel Baird, and having given in evidence a perfect title to the land, the defendant gave in evidence a regular assessment of it as 408 acres of unseated land in Washington township, for the taxes of 1833 amounting to two dollars, and a sale of it on the 10th June 1834 to the defendants. The original tract did not contain 408 acres. To rebut the effect of this sale, the plaintiff called George W. Woodward, Esq., who testified as follows:—"On the 4th June 1834, I went to the treasurer and requested him to make a transcript of Mr. Baird's lands, and informed him that I had come to pay the taxes on them; he made out the transcript, and I paid the taxes and took the following receipt:—

SAMUEL BAIRD,          To LUZERNE COUNTY, DR.

For taxes of 1832 and 1833 on the following tracts:

| Acres. | Warrantees' names. | Township. | State Tax. |
|---|---|---|---|
| 200 | Wm. Bell, | Tunkhannock. | $1.00 |
| 415 | John Auld, | „ | 2.07 |
| | Advertising two tracts,............ | | 1.00 |
| | | | 4.07 |

Received payment in full by the hand of George W. Woodward, Esq., for the road tax of 1832, no other tax having been returned.

B. A. BIDLACK, Treas.

My object was to pay Mr Baird's taxes in the county: I gave him the warrantees' names, and did pay all the county demanded of me through its treasurer. I have no recollection of asking the treasurer for taxes in Washington township." It also appeared in evidence, that Washington township had been created in 1832 out of parts of two other townships.

The court below was of opinion, that it was the duty of the owners of unseated land to take care that the taxes assessed upon them were all paid; and their neglect to do so would not vitiate the title of a purchaser from the treasurer; and directed a verdict for the defendants.

[Baird v. Cahoon.]

*Maxwell* and *Greenough,* for plaintiff in error. That the assessment of taxes upon unseated lands was made the duty of the county officers, and that there should be a tax at all, did not necessarily follow; for a surplus in the treasury might have rendered an assessment for one year unnecessary. All that an owner could do, then, was to apply to the proper officer and pay him all that he demanded; and clearly, he representing the interests and business of the county, could do no act by which the owner of the land could be deprived of it. 13 *Serg. & Rawle* 373.

*Butler,* contra. The plaintiff complains that his land has been sold in consequence of a mistake; there is no other objection to the sale, for it is perfectly regular. Then whose mistake was it? The Act of Assembly requires the owners of unseated lands to make a return of them to the commissioners:—authorizes them to pay their taxes in advance for several years;—and annexes a penalty by way of a double assessment if the taxes be not paid. The plaintiff makes no return of his land in his own name, but leaves it to assessment by the officers, and takes the risk of the mistakes he may make, by placing it in the name of the warrantee, or not assessing it at all, and when he calls to pay his tax, he gives no information, which he must be presumed to have, where his land is; and contents himself to pay a road tax only for a tract of land in a township where he owned no land such as is described. It is said, the fault was that of the treasurer, because he did not know the plaintiff owned land in Washington township! How should he know? 2 *Penn. Rep.* 502; 13 *Serg. & Rawle* 371, 372; 6 *Watts* 325; 3 *Penn. Rep.* 112.

The opinion of the Court was delivered by

SERGEANT, J.—We are of opinion, that the court below erred in charging the jury, that it was immaterial whether the non-payment of the taxes was owing to the neglect of the agent, or of the treasurer, or both, as we think the determination of the case must depend upon that question. The officer has duties to perform as well as the owner, when the latter comes to him to pay up the taxes on his unseated lands. Various acts or omissions of the officer may occur, constituting such neglect on his part, that the owner ought not to suffer by it, which cannot be defined beforehand, but must depend on the particular circumstances of each case. By whose neglect it was here, that the tax in Washington township was not paid when the agent called to pay Mr Baird's taxes, whether of the agent or the treasurer, was a question for the jury to decide as well as they could from the evidence.

Judgment reversed, and a *venire facias de novo* awarded.