47      359
33 SC  403

# Abraham Bubb and Alexander H. McHenry *versus* Edward Tompkins.

*Redemption of land sold for taxes, not invalid by reason of mistake of county treasurer.*

1. A redemption by the owner of unseated land that had been sold for taxes, made in proper time, is valid, though by mistake of the county treasurer, he did not pay all the taxes that were against it.

2. A county treasurer, on receiving the amount of taxes alleged by him to be due, on a tract of unseated land that had been sold for unpaid taxes, gave to the agent of the owner, who had come to redeem, within the proper time, a receipt "in full of redemption," but did not include taxes that had been paid, after the tax sale, by the purchasers, which were not repaid by the owner until after the expiration of the time allowed by law in which to redeem: *Held*, that the mistake did not invalidate the redemption, and that if the purchasers had not obtained all that they were entitled to, the remedy was against the treasurer.

ERROR to the Common Pleas of *Lycoming county*.

This was an ejectment for a tract of unseated land, situated in Broom township, Lycoming county, containing five hundred and forty-six acres, brought by Edward Tompkins against Bubb & McHenry.

This land was sold as the property of Tompkins, by the county treasurer, June 10th 1856, for the taxes of the years 1854 and 1855, to Bubb & McHenry, who paid the taxes and costs, filed their bond for the surplus purchase-money, and, in December 1857, received from the treasurer a deed for the land.

On the 25th of February 1858, they paid to the treasurer the taxes for the years 1856 and 1857.

On the 21st of May 1858, a Mr. Watrus, as an agent for Tompkins, called on the treasurer to redeem the lands, who gave a receipt for $30.64, "in full of redemption of the above-stated tract of land, sold in June 1856, John A. Gamble, warrantee; purchasers, Bubb & McHenry."

The treasurer did not, however, include the taxes that had been paid by Bubb & McHenry, for the years 1856 and 1857, nor were they paid by Tompkins, or any one on his behalf, until after the expiration of two years from the time of sale.

Bubb & McHenry therefore contended that, under the Act of 8th of May 1855, it was the duty of the owner or person redeeming to pay together with the redemption-money to the treasurer, the taxes which had been previously paid by them to the treasurer, and without such payment and redemption, within the two years from the time of sale, the redemption was not good, and the title became absolutely vested in them.

The court below (JORDAN, P. J.) instructed the jury, in answer to points presented by counsel for plaintiff below, " that the taxes

[Bubb *v.* Tompkins.]

paid by the purchaser of unseated lands did not constitute part of the redemption-money; but that, under the Act of May 8th 1855, it was the duty of the owner redeeming, to pay together with the redemption-money to the treasurer all the taxes paid by the purchaser, which, with the redemption-money, was to be paid by the treasurer to the purchaser when called for."

Also, "that if the jury believed from the evidence that the omission to pay the taxes, for the years 1856 and 1857, on the 21st of May 1858, by Watrus at the time he paid the redemption-money, was occasioned by the fault or negligence of the county treasurer, it would be good, notwithstanding the omission to pay in the taxes paid by the defendants subsequent to the sale of the treasurer."

Under this instruction the jury found a verdict for the plaintiff.

Both parties excepted to the charge. Judgment being entered on the verdict, the defendants below sued out a writ of error, and assigned for error the instruction of the court as above stated.

*Dietrick* and *White*, for plaintiffs in error.

*W. W. Willard*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, C. J.—We think this land was well redeemed. The owner came in proper time to the proper officer, the county treasurer, and offered to pay all charges that were against the land, and it was by mistake of the officer that he did not pay all. His redemption is not invalidated by the mistake of the public officer. It was very natural to trust him—most people do so—and the law cannot declare such trust wrong. If the purchasers did not get all that they were entitled to by the redemption, their remedy is against the treasurer. The error was afterwards corrected.

Judgment affirmed.