| 52 | 315 |
| 215 | ³191 |

| 52 | 315 |
| 33 SC | ²403 |

## Price *versus* Mott.

1. Land was sold for taxes; the purchaser paid taxes assessed after the sale; an owner of the land within two years paid to the treasurer the tax for which the land had been sold, the costs and penalty; the taxes assessed after the sale were not demanded by the treasurer, and were not paid. *Held*, that the redemption was effectual, notwithstanding the Act of May 8th 1855.

2. When the owner offers to pay the treasurer taxes, and redeem the land, it is the duty of the treasurer to demand all that should be paid; the owner cannot be damaged by the treasurer's neglect.

3. Statutes are always construed as *prospective*, unless courts are constrained to the contrary by the rigour of the phraseology. Whether taxes assessed and paid before the passage of the Act of May 8th 1855, are to be re-paid to make an effectual redemption after the act, *dubitatur*.

ERROR to the Court of Common Pleas of *Pike county*.

This was an action of trespass *q. c. f.*, &c., commenced, September 5th 1859, by Oscar H. Mott against Gilbert E. Palen, George W. Northrop and William Price.

In 1825 Mordecai Roberts owned a title by warrant to a tract of unseated land. A survey of the land was made December 28th 1852, returned and accepted. On the 12th of June 1854 the land was sold for taxes to Mott, the plaintiff, who received the treasurer's deed therefor. On the 8th of March 1856, Mott paid taxes on the land for 1854 and 1855. John T. Cross, on the 25th of April 1856, became owner of an undivided interest in the land, and for the purpose of redeeming it, on the 11th of June, same year, paid to the treasurer the amount of taxes *for which it was sold*, costs and penalty, but did not pay the taxes which Mott had paid *after* his purchase. Palen and Northrop derived their title by conveyance from Cross, and from some other heirs of Roberts. There was proof of cutting and carrying away timber by Price, but the principal question was title to the land. The court (Barrett, P. J.), amongst other things, charged :—

"Did Cross do all that the law required of him? We think not. The Act of 8th of May 1855 declares, that 'in addition the owner shall pay the taxes which the purchaser shall have paid, which have accrued since the sale, and before the time allowed to redeem has expired.' The act is positive in its terms, and applies as well to the sales of 1854 as to any subsequent sales. On the 8th day of March 1856, before any offer was made to redeem, the purchaser paid into the office the taxes which had accrued for the years 1855 and 1856. The owner was bound to pay that amount in addition to what he did pay. It is no sufficient answer to say that he did not know of the existence of the Act of Assembly. He was bound to know the law. He did not comply with it, and the jury are instructed that the attempted redemption was incomplete, and therefore void."

[Price *v.* Mott.]

There was a verdict against Price for $100.

The above portion of the charge was assigned for error.

*W. Davis,* for plaintiff in error, cited Miller *v.* Hale, 2 Casey 432; Act of May 8th 1855, Pamph. L. 519; Purd. 997, pl. 48; Boyce *v.* Wilkins, 5 S. & R. 331; Seigle *v.* Louderbaugh, 5 Barr 490; Bubb *v.* Tompkins, 11 Wright 359.

There was no paper-book for defendant in error furnished to the reporter.

The opinion of the court was delivered, May 15th 1866, by

WOODWARD, C. J.—We are of opinion that the redemption was effectual. It was made within two years after the tax sale was made, by one whose interest entitled him to redeem, and he paid all the redemption-money which the treasurer demanded.

When an owner of unseated lands presents himself at the treasurer's office and offers to pay taxes or redeem lands from tax sales, the treasurer, as a public officer, has duties to perform, the neglect of which cannot fairly be charged against him who is doing for himself all that the law enjoined: Baird *v.* Cahoon, 5 W. & S. 540. If the taxes which Mott had paid for the years 1854 and 1855 ought to have been charged to Cross as part of the redemption-money, it was the treasurer's fault that they were not. They appeared upon the treasurer's books, and he had what Cross had not—notice that they had been paid. It was his duty, therefore, to demand them, and Cross is not to be damaged by his neglect: Bubb *v.* Tompkins, 11 Wright 359.

But we have great doubts whether these taxes were demandable under the Act of 8th May 1855, Purd. 997. There is nothing in the terms of the act to compel a construction which would give it retroactive effect, and we always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigour of the phraseology. These taxes were assessed and paid before the enactment. When they were paid the law did not require them to be added to the redemption-money, and though the redemption-money was paid more than a year after the enactment, it is by no means clear that it was the treasurer's duty to add them then. But if it was, his official neglect cannot invalidate Cross's act, however it may ground a liability of the treasurer to Mott. And a valid redemption defeated the plaintiff's title altogether, so that, quite irrespective of all the other questions upon the record, he ought not to have been permitted to recover.

The judgment is reversed, and a *venire facias de novo* awarded.