[Civ. No. 3358.   Fourth Dist.   May 28, 1945.]

ALBERT A. KRIENKE et al., Appellants, v. THE STATE OF CALIFORNIA et al., Respondents.

354

F. W. Powell for Appellants.

Robert W. Kenny, Attorney General, Adrian A. Kragen and
L. G. Campbell, Deputies Attorney General, Thomas Whelan,
District Attorney, Carroll H. Smith, Deputy District Attor-
ney, J. F. DuPaul, City Attorney, and Thomas J. Fanning,
Deputy City Attorney, for Respondents.

BARNARD, P. J.—This is an action to quiet title to a
parcel of land in the city of San Diego.  This land had been
owned by the plaintiffs for some time prior to July 1, 1936,
on which date it was deeded to the state because of nonpay-
ment of taxes for the fiscal year 1930-1931.  The plaintiffs
are husband and wife but, for convenience, the husband will
at times be referred to as the plaintiff.

On February 10, 1939, the plaintiff applied to the county
auditor for a certificate of redemption with respect to this
land.  One was given him showing the sum of $227.32 as the

amount necessary to redeem. He paid this amount at the treasurer's office and the fact of payment was noted on the certificate. It appears, without dispute, that the deputy auditor who made out this certificate had inadvertently made an error in the amount necessary to redeem this property and that the correct amount that should have been entered on the certificate as of that date was $749.25, instead of $227.32. The error was discovered a week or ten days later and the auditor immediately telephoned to the plaintiff telling him of the error and requesting him to come in and adjust the matter. Subsequently, the auditor wrote two letters to the plaintiff asking him to come in and adjust the matter but the plaintiff refused to do so and at all times has relied on the certificate which he received.

While it is not very material here, it also appears that $227.32, as of February 10, 1939, was the correct amount required for the redemption of an adjoining parcel, and that the posting clerk credited the $227.32 paid by the plaintiff, on both the index and delinquent rolls, to that parcel so that the records then showed that it had been redeemed and that the parcel here involved had not. Apparently, the plaintiff discovered this second error and on March 18, 1939, he and his son secured a quitclaim deed to this adjoining parcel from the record owner, paying $75 for the same. In any event, this purchase of the adjoining lot was not only not a detriment to the plaintiff, but it occurred about a month after the auditor had informed him of the mistake in the certificate relating to the property here involved.

The plaintiffs have not conveyed or encumbered the property here in question since February 10, 1939, and on July 13, 1942, they brought this action to quiet their title as against the state, the county of San Diego and the city of San Diego. By stipulation, the taxing officials of the county were later added as parties defendant. The plaintiffs deposited the sum of $225.28 in court as covering taxes which should have been assessed against said premises since February 10, 1939, the alleged date of redemption.

The court found in all respects in favor of the defendants and, in addition to the facts above noted, found that the plaintiffs never tendered or offered to pay the correct amount necessary to redeem this property, that the plaintiffs have suffered no detriment or prejudice by reason of the error or mistake that was made, and that no intervening rights of

third parties are here involved. An interlocutory judgment was entered providing: 1. That the $225.28 deposited in court remain in custody of the court pending final judgment. 2. That pending final judgment the certificate of redemption issued to plaintiffs under date of February 10, 1939, remain in the custody of the court. 3. That within ninety days after this interlocutory decree shall become final the plaintiffs be permitted to redeem in full the property in question by paying (a) the difference between $749.25 and $227.32, or $521.93, with interest at 6 per cent from February 10, 1939, to date of payment, and (b) the current taxes on this property for the fiscal year 1939-1940 up to and including the fiscal year in which payment is made, as if said property were originally on the rolls for said years, with interest at 6 per cent on the respective amounts. 4. That the taxing officials be authorized to make the proper entries and perform all acts necessary to carry out the provisions of this decree. ''5. That upon failure of plaintiffs to so redeem said property within the time and manner specified final judgment be entered decreeing that defendants refund to the plaintiffs the sum of $227.32 with interest at 6% per annum from February 10, 1939, to date of payment; that thereupon plaintiffs' complaint be dismissed with prejudice, that defendants have judgment in their favor on the merits, and that defendants recover their costs.'' 6. That defendants are entitled to recover their costs. From this interlocutory judgment the plaintiffs have appealed.

Appellants' first and main contention is that they had a right to rely on the correctness of the figures furnished them by the auditor as being the amount necessary to be paid in order to redeem this property, and that it follows, as a matter of law, that a redemption was fully accomplished when they paid this amount to the treasurer and obtained his receipt. They rely on statements found in certain text books to the effect that where a landowner relies on such information furnished to him by taxing officials, and pays the amount so indicated, a redemption results even though through error the amount paid is less than that properly required. They also rely on *Laist* v. *Nichols*, 139 Cal.App. 202 [33 P.2d 866], and *Jones* v. *Sturzenberg*, 59 Cal.App. 350 [210 P. 835], as establishing this rule in this state and as conclusively resolving in their favor the issue here presented.

It may be conceded, as a general rule, that a landowner will be protected when he asks for and receives such infor-

mation from taxing officials and in good faith acts upon it and changes his position without knowledge of the fact that the information furnished him and the amount he has paid is erroneous. And further, that when the rights of innocent third parties have intervened they will be protected. It is a different matter to extend such protection to one who has not changed his position in reliance upon the information mistakenly furnished him, who is advised of the mistake at a time when it could easily be corrected, and who comes into a court of equity seeking affirmative relief while refusing to pay the amount justly due.

Nor do we think the cases cited conclusively establish his right to relief under such circumstances. In *Laist* v. *Nichols,* 139 Cal.App. 202 [33 P.2d 866], the plaintiff's land was sold for nonpayment of the 1911 assessment of an irrigation district. A certificate of sale was issued to one Gould on February 28, 1912. A redemption was made by two amounts paid on March 14, 1912, and July 7, 1912, respectively, the total of the two payments being about $100 more than the amount actually necessary to redeem the land. In spite of these payments the successor to the district delivered a tax deed to Gould on May 21, 1923, some eleven years after the land had actually been redeemed, and about three and one-half years later Gould conveyed the land to the defendant. A judgment in favor of the defendant was reversed, it being pointed out that the land had actually been redeemed before the tax deed was issued to Gould, the holder of the certificate of sale, and that the defendant had bought the land knowing that the plaintiff claimed it. It was held that while the treasurer's deed raised a prima facie presumption that the land had not been redeemed from the sale, this presumption was overcome by the receipts for the redemption payments which had been made long before, and that it thus appeared that the treasurer's deed had been improperly issued. While language used in that case, and authorities there cited, support the view that a landowner may rely on statements made to him by taxing officials as to the amounts due, it was pointed out that no such principle was applicable under the circumstances there appearing and the case was decided on the ground that the amount necessary to redeem had been fully paid long before a deed was issued.

In *Jones* v. *Sturzenberg,* 59 Cal.App. 350 [210 P. 835], the land, worth $10,000, was assessed in 1913 and sold to the

state in 1914 for $50.21. Although the procedure was irregular, the land was again sold to the state in 1915, and subsequent taxes were delinquent up to 1918. On July 29, 1918, the owner of the land asked for and received an estimate of the amount necessary to redeem. The auditor made this estimate on the basis of the sale to the state in 1915, mistakingly overlooking the amount due in connection with the sale to the state in 1914. The owner paid the amount estimated by the auditor and got the usual receipts. On October 19, 1918, the owner conveyed the land to the defendant. Thereafter, and on July 8, 1919, the tax collector sold the land to one Williams for the amount involved in the sale to the state in 1914, with penalties, and gave him a deed. In 1920, Williams deeded the land to the tax collector as an individual and the latter thereupon deeded it to the plaintiff, who then brought the action to quiet his title. The court held that while the plaintiff would have had good title had there been no prior redemption, the property had, in equity, become redeemed when the taxpayer paid the amount given him by the auditor as being sufficient for a redemption, and title was quieted in the defendant to whom the taxpayer had conveyed in reliance upon the information furnished. An obvious distinction appears between the circumstances involved in that case and those with which we are now concerned.

While the Jones case supports the principle that a taxpayer who has been misled, to his detriment, by erroneous information furnished him by the tax officials should be protected if, without fault on his part, he relies upon and acts on such information, it is hardly authority for the proposition that a taxpayer who has full knowledge that a mistake has been made before he changes his position, and who is taking advantage of the error for the purpose of avoiding the payment of taxes which he justly owes, should be protected, or that the mere making of the error, although immediately made known to him, gives him a legal right which he may enforce in equity without himself complying with long established equitable rules. One of these is that he who asks equity must do equity. In the Jones case it was pointed out that under another general rule an owner asking equitable relief to remove or cancel a tax sale which constitutes a cloud upon his title must, as a condition to obtaining such relief, first pay the taxes and penalties which were justly chargeable against his land and which have been paid by a tax purchaser.

The same principle should be applicable here. The appellants are asking equitable relief as against this tax sale and conveyance to the state which is a cloud upon their title. The court even relieved them from the necessity of paying the penalties which would normally have accrued after the date of the attempted redemption. They should be required to pay the amounts which were justly chargeable up to that time and which should have been paid. Under no equitable principle are they entitled to more relief than that given to them by the judgment, which permits them to redeem upon payment of the amount due at the time the mistake was made with interest thereon, and with a credit for what they have already paid.

Appellants next contend that they were not authorized by law to maintain this action against the county of San Diego, that the only real defendant is the State of California as the holder of the tax deed, and that the court erred in denying a motion for judgment on the pleadings as against the state. This is based on the contention that the answer put in by the county of San Diego may not be considered and that the answer of the state denied paragraph III of the complaint, which set out the application for a redemption certificate and the payment of the money demanded therein, by alleging that the state had no "knowledge or information" sufficient to enable it to answer. It is argued that such a denial should be based on "information and belief" and cases are cited in which it was held that a denial in the language here used is insufficient. It is further stated in the brief that the state's answer admitted all allegations of the complaint with the exception of those contained in paragraph III.

Assuming, without holding, that the state's answer to paragraph III was insufficient the statement that all other allegations of the complaint were admitted by that answer is erroneous. Paragraph I of the complaint alleged that the appellants are the owners in fee and in possession of the premises in question. Paragraph I of the state's answer denies all of the allegations contained in paragraph I of the complaint and then alleges that title to these lands had, under the laws relating to taxation in this state, passed from the appellants to the state long prior to the institution of this suit "and still so remains." This raised an issue as to the ultimate fact, and the matters alleged in paragraph

III of the complaint are not controlling even though these allegations be considered as having been admitted.

Some contention is made that the redemption of this property by Albert A. Krienke inured to the benefit of his wife, Mary A. Krienke, that it does not appear that he was her agent, that she is not chargeable with any dereliction of duty on his part and that it follows that the redemption was complete insofar as her interest is concerned. Insofar as here appears, she owed the taxes just as much as he did and, aside from any other consideration, she cannot claim the benefit of his acts without assuming any burdens arising therefrom.

In one respect, the judgment appealed from is incomplete. While it provided that the sum of $225.28 deposited in court by the appellants should remain in the custody of the court pending final judgment, and while no question would arise in this regard in the event the appellants elect to redeem the property, no provision is made as to what shall be done with this money in the event they do not elect to so redeem. It seems clear that in that event this money should be returned to them and the judgment should so provide. Paragraph 5 of the judgment, as above quoted, is hereby modified by adding at the close thereof, the following: "The sum of $225.28 heretofore deposited in court by the plaintiffs to be then and in that event returned to them."

As so modified, the judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied June 26, 1945, and appellants' petition for a hearing by the Supreme Court was denied July 26, 1945.