Heinly *v.* Keck, Appellant.

Argued March 24, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Wallace H. Webster, Jr.,* with him *Webster, Cutshall & Worth,* for appellant.

*Wilson A. Wert,* with him *Snyder, Wert, Wilcox, Frederick & Doll,* for appellee.

OPINION BY GUNTHER, J., June 15, 1960:

This appeal involves a boundary dispute. In 1922, William M. Heinly became the owner of a certain piece of property in North Whitehall Township, Lehigh County, fronting 60 feet on a public highway and ex-

tending back southwardly some 200 feet to an alley. Appellant, Ruth A. Keck, became the owner of the premises adjoining appellee's property to the east in January, 1954. At the time appellee acquired his property, there was a fence on the line between his property and that of appellant's predecessor in title, which was maintained by appellant's predecessor in title down to 1928. In 1928, this fence was torn down and a metal fence was erected, along the same line, again by appellant's predecessor in title, which remained there until sometime in 1945, when this fence was removed. Since that time, no fence existed between the two properties in question.

In 1922, appellee established a driveway along the easterly side of his premises which was used for automobile traffic by him. At that time, there was a pavement erected along the front of the property, now owned by appellant, which pavement ended at the fence. During all this time, there appeared to be no dispute as to the boundary line between the two properties.

In August, 1955, appellant caused to be erected a wooden fence which was erected, in part, along the tire tracks in appellee's driveway. For many years prior to this, appellee had two slabs of slate or flagstone lying east of the tire tracks of the driveway and west of the former fence on appellant's property. These flagstones were removed in the construction of the fence. Previous to the erection of this fence, appellant had her property surveyed and this survey disclosed her property line to be along the tracks of the driveway. Appellee also had his property surveyed which disclosed his line as running alongside the former fence between the two properties. At that time, appellee notified appellant that if the fence were constructed on the wrong line, it would have to be

removed. After the construction of the wooden fence by appellant, appellee was unable to use his driveway for ingress and egress.

Upon request by appellee and refusal by appellant to remove the fence, appellee instituted his complaint to compel the removal of said fence from property claimed by him. A hearing was held, testimony taken, and an adjudication filed by the court below in which it was determined that the fence was erected on the property of appellee. The decree directed appellant to remove the fence to a point two feet east of the eastern edge of the traveled portion of the driveway. From this adjudication, the present appeal has been filed.

Appellant contends here that appellee, by permitting the fence to be constructed on a disputed line without objection and without resorting to legal action until some two years after completion is guilty of laches and should not prevail.

Laches is an equitable doctrine governed by equitable principles depending upon the particular facts and circumstances of each case. Unlike the statute of limitations, laches does not depend upon the passage of a certain, definite time, but rather upon whether, under the circumstances of a particular case, one may be charged with want of due diligence in failing to institute or prosecute his claim. *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 53 A. 2d 143. The criterion of laches is prejudice, and laches will not be imputed to a plaintiff where no injury results to the defendant by reason of the delay. *Hostetter v. Sterner's Grocery, Inc.*, 390 Pa. 170, 134 A. 2d 884; *Montgomery Bros., Inc. v. Montgomery*, 269 Pa. 332, 112 A. 474. As stated by the court below: "In our case, the parties are in the same position today that they were in the day (or day and one-half) when the fence was built. Both parties

are still living, the expense of removal of the fence is no greater today than it would have been then and the suit was begun years before the running of the Statute of Limitations."

The cases relied upon by appellant like *Bullitt v. Hinchman*, 227 Pa. 197, 75 A. 1080, and *Coates v. Y. W. C. A.*, 245 Pa. 426, 91 A. 863, are distinguishable. They are not cases of trespass but cases in which a defendant has built upon his own land in violation of restrictions or easements. It seems clear, therefore, that the court below properly refused to find appellee guilty of laches.

Appellant further contends that the fence was constructed on her own land and that appellee did not acquire an easement on her land. In this connection reference is made to the discrepancy of the surveys and the fact that since her title comes out of the earlier grantee of a common owner, any shortage of land in appellee's description would not defeat her claim and that the earlier conveyance by the common grantor is superior to and prevails over the later grant. *Merlino v. Eannotti*, 177 Pa. Superior Ct. 307, 110 A. 2d 783. The evidence, however, discloses that since 1922 to 1955, appellee has established a strong case of adverse possession and under such circumstances the question of which grant is superior over the other has no application. The evidence amply warrants the finding of the court below that appellee has continuously used the property to the old fence line which was erected by appellant's predecessor in title and that there appeared to be no dispute as to where the property line was as between appellant's predecessors in title and appellee. By the time appellant acquired ownership of her land, the question of adverse possession or easement had been settled by the passage of time. The driveway was in existence in 1922 and the

evidence disclosed continuous use, without permission, for a period considerably in excess of 21 years.

Decree affirmed, at cost of appellant. Supersedeas granted in this case is terminated.