419 A.2d 146

**Bernard E. JOHNSON and Laverne Casbeer, Appellants,**

**v.**

**John DEC, Lloyd L. Dugan and Ruth Dugan h/w, H. Edward Carter and Joseph G. Slemmer.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1979.

Filed March 21, 1980.

Reargument Denied June 16, 1980.

164

Anthony D. Miele, Williamsport, for appellants.

Priscilla M. Walrath, Wellsboro, for appellees.

Before PRICE, WIEAND * and VAN der VOORT, JJ.

PRICE, Judge:

The present appeal is from an order of the trial court granting appellees' motion for a compulsory nonsuit in appellants' action to quiet title. Concluding that the court

* Judge DONALD E. WIEAND is sitting by special designation.

erred in entering a nonsuit, we reverse the order of the trial court.

On September 12, 1966, four tracts of land recorded in the name of Edward C. Johnson were sold to appellees by the Treasurer of Potter County for delinquent taxes for the year 1964. Appellees paid a total of $141.93 for taxes, and provided surplus bonds pursuant to the Act of May 8, 1895, P.L. 47, § 1, 72 P.S. § 5891. Appellant, Bernard Johnson, as heir and successor to the interest of Edward Johnson, sought to redeem the parcels, and on August 26, 1968, consulted the Treasurer of Potter County. He was informed that his two year period for redeeming the property would expire on September 12, 1968, and that he could redeem the parcels by paying $141.93 owed as delinquent taxes plus an additional fee of 15 percent, for a total of $163.22.[1] That amount was paid on August 26, 1968, and a receipt was obtained from the treasurer stating that redemption had been made "in full." Shortly thereafter, the treasurer was informed by one of the appellees that this amount was insufficient, since appellees had paid the taxes for 1965 and 1966, and that certain of the appellees had also paid taxes for 1967. The treasurer attempted to notify Bernard Johnson of this new development, and posted a letter to him on October 9, 1968, informing him that additional sums were due. Bernard Johnson contacted his attorney and was subsequently informed that additional taxes were due, and that appellees had also paid additional sums on their surplus bonds in satisfaction of liens held by the Pennsylvania Department of Welfare. Bernard Johnson secured the aid of the other appellee, LaVerne Casbeer, and on April 11, 1969, they

1. The Act of May 29, 1931, P.L. 280, § 9, *as amended*, 72 P.S. § 5971i provides as follows:

"Any real estate sold under this act may be redeemed by the owner, his heirs or legal representatives, or by any lien creditor, or his heirs, assigns or legal representatives, or by anyone interested in said real estate for the benefit of the owner thereof, at any time within two years after such sale, by the payment to the county treasurers of the full amount which the purchaser paid to said treasurer for taxes, interest, and costs and fifteen per centum of the amount of tax in addition thereto."

appeared before the Treasurer of Potter County and tendered an additional check for $1609.08. The check was accepted and the tax sale docket in the prothonotary's office in Potter County was marked "redeemed" as to all four parcels. The amounts actually paid were, however, insufficient to satisfy all of the claims against the property, and appellees were never reimbursed for the sums they had expended.

On May 11, 1970, appellants brought a quiet title action challenging the legitimacy of the treasurer's deeds that had been issued to and recorded by appellees. After considerable delay, the case was called to trial on July 17, 1978. At the close of appellants' case, the trial judge granted appellees' motion for compulsory nonsuit ruling that by their evidence appellants had conceded that they had failed to tender to the treasurer the full amount that was required for redemption prior to the expiration of the period for redemption on September 12, 1968. Appellants appeal from the order of the court and allege that they did everything possible to effect proper redemption, and that any error was the fault of the Treasurer of Potter County and .should not be imputed to them. We agree, and reverse the order of the trial court.

■ First, we must dispose of appellants' claim that a redeeming party need not pay the taxes that have accrued and been paid by a purchaser of property subsequent to the treasurer's sale as part of the redemption payment. The Act of May 29, 1931, P.L. 280, § 9, *as amended*, 72 P.S. § 5971i[2] provides that a redeeming owner must pay the full amount that the purchaser originally paid plus interest and penalty. With respect to taxes paid subsequent to the treasurer's sale, the Act states, "In case the purchaser has paid any taxes of any kind whatsoever, assessed and levied against said property, the same shall be reimbursed to said purchaser before any redemption shall take effect." Appellants would have us construe this language as requiring the payment of only the original taxes as part of the redemp-

2. *See* note 1, *supra*.

tion, and allege that the taxes arising subsequent to the treasurer's sale and paid by the purchaser may be paid at any time. They contend that a failure to pay these interim taxes at the time of the redemption does not void the efficacy of that action, but merely delays the time when the redemption "takes effect."

We find this contention is without merit. Although § 9 of the Act of May 29, 1931, *supra*, governing the redemption of seated lands, does not expressly define the amount of the redemption payment, the Act of May 8, 1855, P.L. 519, § 1, 72 P.S. § 6099 (governing the redemption of unseated lands) requires the inclusion of such interim taxes as part of the redemption payment. *See Price v. Mott*, 52 Pa. 315 (1866); *cf.* Act of May 29, 1931, *supra*, § 15, *as amended*, 72 P.S. § 5971 *o* (redeeming owner of seated lands must pay accrued interim taxes that have not been paid). We construe the language in § 9 of the Act of May 29, 1931, *supra*, providing that the redemption shall not take effect until reimbursement for the interim taxes as a directive to the treasurer collecting such taxes to make reimbursement when sufficient sums are collected from the redeeming owner; it is not a license that permits a redeeming owner to delay the payment of the interim taxes until expiration of the period for redemption.[3]

Appellants contend, however, that their failure to tender the proper amount was predicated upon error by the Treasurer of Potter County, and that the trial court acted improperly in excluding evidence regarding their reliance upon the treasurer's representation. We agree, and reverse the order of the trial court.

**3.** The problems that would accompany such an interpretation are aptly illustrated by the instant case. Beyond covering the accrued taxes for 1964 and part of the surplus bond and interim taxes for 1965 and 1966, the redemption payments made by appellants on August 26, 1968, and April 11, 1969, would not reimburse appellees for all of the funds expended by them. All taxes and other charges against the property since 1966 have been and continue to be paid by appellees, and appellants have not tendered any reimbursement to either appellees or the Treasurer of Potter County since their second payment in April of 1969.

In *Price v. Mott, supra,* the defendant purchased a parcel of land at a tax sale, and subsequently paid taxes for the years 1854 and 1855. When Cross, a third party to the suit, attempted to redeem the property in 1856, he paid the amount demanded by the treasurer, to wit, the delinquent taxes for which the property had been sold plus costs and penalty. The taxes paid by Mott in 1854 and 1855 were not included in the amount demanded by the treasurer. In holding that the redemption was effective, the supreme court stated,

> "When an owner of unseated lands presents himself at the treasurer's office and offers to pay taxes or redeem land from tax sales, the treasurer, as a public officer, has duties to perform, the neglect of which cannot fairly be charged against him who is doing for himself all that the law enjoined . . . . If the taxes which Mott had paid for the years 1854 and 1855 ought to have been charged to Cross as part of the redemption–money, it was the treasurer's fault that they were not. They appeared on the treasurer's books, and he had what Cross had not–notice that they had been paid. It was his duty therefore, to demand them, and Cross is not to be damaged by his neglect: *Bubb v. Tompkins,* [47 Pa. 359 (1864)]." *Id.* at 316.

*See, e. g., Lamb v. Irwin,* 69 Pa. 436 (1871); *Trexler v. Africa,* 27 Pa.Super. 385 (1905).

Applying this principle to the instant case, we conclude that the trial court erred in excluding evidence regarding the reason for appellants' failure to tender the full amount of the redemption price. When Bernard Johnson attempted to redeem the four parcels on August 26, 1968, he paid the amount that the treasurer stated was necessary to effect full redemption. Any error by the treasurer as to that amount cannot be imputed to appellants. Therefore, upon retrial, appellants may present evidence regarding their reliance upon the representation by the Treasurer of Potter County. Moreover, appellees correctly claim that they should be permitted to present evidence with respect to the

efforts by the treasurer to notify Bernard Johnson of the deficiency prior to the expiration of the period for redemption on September 12, 1968.

Finally, because the trial court did not make a specific finding regarding appellants' delay from the initiation of the suit in May of 1970 until the trial of the action in July 1978, we will not address appellees' contention that the suit is barred by the equitable doctrine of laches. Such a claim should be first presented to the trial court and may be done so upon retrial. *See Dorsch v. Jenkins*, 243 Pa.Super. 300, 365 A.2d 861 (1976); *Richards v. Swift*, 241 Pa.Super. 359, 361 A.2d 688 (1976).

The order of the trial court is reversed, and the case remanded for proceedings consistent with this opinion.