## Johnson v. Dec

*Anthony Miele,* for plaintiffs.
*Priscilla Walrath,* for defendant Dec.
*Perry S. Patterson,* for defendants Dugan, Carter and Slemmer.

CHERRY, *J.*, Specially presiding, August 27, 1982—We are called upon to decide whether plaintiffs have effectively redeemed certain parcels of land which were sold to defendants for delinquent taxes. This court originally entered a compulsory nonsuit in favor of defendants which was appealed by plaintiffs. The Superior Court reversed our order and remanded the case for a full hearing on the various issues. Johnson v. Dec, 276 Pa. Super. 163, 419 A.2d 146 (1980). Trial was held August 6, 1980.

On September 12, 1966, four tracts of land titled to Edward C. Johnson were sold to defendants by the Treasurer of Potter County for unpaid taxes. Bernard E. Johnson, heir and successor to the interest of Edward Johnson, contacted the Potter County Treasurer on August 26, 1968, to inquire into the possibility of redeeming the property. The County Treasurer informed Johnson that the two-year period of redemption (under 72 P.S. §5971i) would expire on September 12, 1968, and that the total cost of redemption would be $163.22. This sum was paid by Mr. Johnson on August 26, 1968, in return for which the treasurer provided a receipt stating that full redemption had been made. Soon after this occurrence the treasurer learned from one of the defendants that plaintiffs would have to pay more money to effectuate redemption because defendants had paid additional taxes for which they were entitled to be reimbursed. The treasurer telephoned Ruby Johnson, administratrix of the estate of Edward Johnson, and step-mother of Bernard Johnson, and told her that additional sums were required, and had to be paid prior to September 12, 1968. Ruby Johnson stated that she would inform him and that he would make payment within a few days. The treasurer also informed Bernard Johnson's attorney that more money was due. The treas-

urer unsuccessfully attempted several times to telephone Bernard Johnson regarding this matter. No further action having been taken by plaintiffs, the treasurer wrote Mr. Johnson on October 9, 1968, informing him of the attempts to contact him and returned the money that he had paid for the redemption of the property on August 26, 1968.

Plaintiffs appeared before the treasurer on April 11, 1969, and tendered a check for 1,609.08. There is some dispute concerning this transaction, but we find that plaintiffs were informed that they could not redeem the property. Bruce Cahilly, attorney for plaintiffs, instructed the treasurer to put the check in the safe at the Potter County Treasurer's Office. The amount of this check was not sufficient to redeem the property at that time, and plaintiffs were not told that it was sufficient.

Plaintiffs instituted an action to quiet title on May 11, 1970, challenging the validity of the treasurer's deeds which were issued to and recorded by defendants. The action was called to trial on July 17, 1978, and, at the close of plaintiffs' case, this court held that plaintiffs had conceded that they had failed to tender the proper amount due for redemption prior to the expiration of the period for redemption on September 12, 1968, and therefore granted defendants' motion for compulsory non-suit. On appeal, the Superior Court reversed and remanded the case, directing reception of evidence of plaintiffs' reliance on the Potter County Treasurer's representation that the property was fully redeemed by the payment made on August 26, 1968, as well as evidence of the treasurer's efforts to notify plaintiffs of the deficiency prior to September 12, 1968. The court did not rule on plaintiffs' claim of laches, stating that the issue must first be presented to the trial

court, and stating that it may so be presented on re-trial. Johnson v. Dec, supra, 419 A.2d at 149.

The doctrine of laches acts to bar a claim where plaintiff has failed to exercise due diligence in the institution as prosecution of his claim to the preju-dice of another. Lutherland, Inc. v. Dahlen, 357 Pa. 143, 157, 53 A.2d 143 (1947); Com. ex rel. Storb v. Schroll, 398 Pa. 354, 357, 157 A.2d 179 (1960); Heinly v. Keck, 192 Pa. Super. 537, 540-541, 161 A.2d 655 (1960). The issue of laches is factual and is determined by examining the circumstances of each case. Leedom v. Thomas, 473 Pa. 192, 200-201, 373 A.2d 1329 (1977); Siegel v. Engstrom, 427 Pa. 381, 235 A.2d 365 (1967).

Plaintiffs filed the instant action in May of 1970, but trial did not commence until July of 1978. How-ever, defendants have not established, nor even al-leged, that this delay was a result of plaintiffs' lack of due diligence. Similarly, defendants make no claim that they have been prejudiced by this delay; and, in fact, prejudice is not established by the facts before us. It is not apparent, for example, that plain-tiffs had a more difficult time presenting their case due to the time lapse, or that plaintiffs were lulled into a false sense of security. Lutherland, Inc. v. Dahlen, 357 Pa. 143, 157, 53 A.2d 143 (1947). Therefore, defendants have not effectively raised the defense of laches, and the action is not barred on that basis.

We must now decide whether or not plaintiffs were entitled to rely on the Potter County Treasur-er's assertion that the property was effectively re-deemed on August 26, 1968. On that date, the treas-urer informed plaintiffs that they wre required to pay $163.22 to redeem the property, and, upon re-ceiving that amount, the treasurer issued plaintiffs a receipt stating that redemption had been made "in

full." As the Superior Court made clear in the earlier appeal of this case, plaintiffs were entitled to rely on the treasurer's representations. Johnson v. Dec, supra, 419 A.2d at 149; Price v. Mott, 52 Pa. 315 (1866); Bubb v. Tompkins, 47 Pa. 359 (1864). As detailed in the Price and Bubb decisions, the reason for this is that an error committed by a public official cannot be charged against the party seeking redemption and who is required to rely on that official.

The payment of August 26, 1968, constituted a redemption of the property, since plaintiffs, in good faith, paid the amount demanded of them by the proper public official; and they received in return a receipt stating that the property had been redeemed in full. "(A) bona fide attempt to pay all the taxes, frustrated by the fault of the treasurer, should stand as the equivalent of an actual payment." Breisch v. Coxe, 81 Pa. 336, 346 (1876). Redemption, therefore, occurred.

However, there is an additional fact in the case at bar: The treasurer learned of the error and endeavored to so inform the plaintiffs prior to the end of the period for redemption. Specifically, the treasurer telephoned Ruby Johnson and Bernard Johnson's attorney, and apprised them of the situation. Thus, we find that plaintiffs were aware that they had not tendered the full amount required for redemption. The issue then becomes the effect this notice of deficiency had on the prior redemption.

Was this redemption revoked by the subsequent finding of deficiency and communication of this finding to plaintiffs? We think not. The treasurer's oral communications to Ruby Johnson and the attorney, and his letter to Bernard Johnson, did not in-

validate the redemption, but only served to inform plaintiffs that they owed more money.*

Finding no Pennsylvania decisions dealing with this fact situation, we turn for help to other jurisdictions. In Hintrager v. Mahoney, 78 Iowa 537, 43 N.W. 522 (1889), the party seeking redemption paid the amount demanded by the city treasurer, which was less than the amount actually required, and received a certificate of redemption. Shortly thereafter, this party was informed by the treasurer that an additional amount was due, but the party neglected to make this payment. The treasurer then treated the redemption as of no effect, and deeded the property to the plaintiff. The Iowa Supreme Court relied on the Pennsylvania decisions of Price v. Mott, supra, Bubb v. Tompkins, supra, and Dietrick v. Mason, 57 Pa. 40 (1868) to conclude that redemption occurred and held that the treasurer's subsequent notification of deficiency to the party seeking redemption did not alter the redemption.

Hintrager v. Mahoney, supra, 43 N.W. at 524; 51 Am.Jur., Taxation, §1133. While the Hintrager decision is far from recent, it alone is on all fours with our case, and it utilizes venerable Pennsylvania cases which, as shown by the Superior Court decision in the case at bar, continue to control. Johnson v. Dec, supra. Therefore, we hold that plaintiffs effectively redeemed the four parcels of land, and the deeds given to the defendants are therefore invalid.

We note that if plaintiffs in the instant case continually refused to pay the extra amount, and then brought this action, a different result would obtain.

---

*The letter, which was hand-written and undated, related the treasurer's attempts to contact Mr. Johnson and stated, "Here is your partial payment on tax money . . ."

Kreinke v. State, 69 Cal. App. 2d 353, 158 P.2d 941 (1945). However, plaintiffs attempted to pay the correct amount on April 11, 1969, but were not permitted to do so.

Our refusal to invalidate the redemption made by plaintiff is grounded in the desire of our courts to protect an individual's property rights. This is the general policy behind the right of redemption.

"To divest ownership, without personal notice, and without direct compensation, is the instance in which a constitutional government approaches most near to an unrestrained tyranny. Whatever tends to modify this right is favourable to the citizen, and ought to be liberally construed, on the principal that remedial statutes are to be beneficially expounded. Redemption is the last chance of the citizen to recover his rights of property. . ." Gault's Appeal, 33 Pa. 94, 97-98 (1859); Levick v. North Versailles Township et al., 360 Pa. 510, 514, 62 A.2d 758 (1948); Adams County v. Carey, 3 D. & C. 2d 86 (1954).

In the instant case, a liberal construction of the right of redemption supports our present conclusion that plaintiffs successfully redeemed the four plots of land in question on August 26, 1968, and the deeds the defendants received for these four parcels are therefore invalid. Pursuant to our equitable powers, we order that plaintiffs pay all sums necessary to retain the property, including the original cost of redemption, and all taxes on the property paid by defendant, together with interest of six percent on these sums.

In view of the foregoing we enter the following

## ORDER

Now, March 13, 1981, it is ordered and decreed that:

(1) Plaintiffs' prayer for relief in their action to quiet title is granted, and the treasurer's deeds to the four parcels of land in question are declared invalid.

(2) Plaintiffs pay to the order of the Treasurer of the Pottery County all taxes originally owed by them on the four parcels of land, plus the total amount of taxes paid by defendants on these parcels.

## ORDER OF COURT

And now, August 27, 1982, upon full consideration of the record and the arguments of counsel, we find no basis for the exceptions filed and I, therefore, dismiss the same. An opinion will be filed only in the event of appeal.