John Dec et al., Appellants *v.* Bernard E. Johnson et al., Appellees.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Priscilla M. Walrath, Walrath & Coolidge,* with her, *Perry S. Patterson,* for appellants.

*Anthony D. Miele, Miele & Callahan,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., May 21, 1984:

John Dec and four co-parties have appealed from a judgment, entered by the Court of Common Pleas of Potter County, in an action to quiet title. The action was brought by Bernard E. Johnson and Laverne Casbeer, and concerned certain tracts of land which the instant appellants had purchased in 1966 for delinquent taxes. The trial court, by the judgment here on appeal, declared that the tax deeds issued to the appellants were invalid.

On September 12, 1966, four tracts of land recorded in the name of Edward C. Johnson were sold to the appellants by the Treasurer of Potter County, for delinquent taxes for the year 1964. Three of the tracts consisted of 75 acres each, and the other consisted of 12 acres. For all four tracts, the appellants paid a total of $141.93, which represented the sum of the 1964 taxes due on all the properties. The appellants also bore the cost of obtaining the bonds required by law. Edward C. Johnson, the former record owner, had died several years prior to the 1966 tax sale.

Bernard E. Johnson, one of the appellees herein, was an heir and successor in interest to Edward C. Johnson. On August 26, 1968, Bernard Johnson con-

tacted the County Treasurer and inquired about redeeming the properties. A right of redemption existed by virtue of Section 9 of the Act of May 29, 1931, P.L. 280, *as amended*, 72 P.S. §5971i. The County Treasurer advised him that, under the law, there was a two-year redemption period; and that the period would expire on September 12, 1968. The Treasurer also advised him that the total amount required for redemption was $163.22. Bernard Johnson paid that amount on August 26, 1968, and the Treasurer gave him a receipt which stated that redemption had been made "in full."

At some point after Bernard Johnson had made the aforementioned payment, but apparently before the expiration of the statutory redemption period, the County Treasurer learned that the amount paid by Johnson was insufficient. Further sums were due because the tax-sale purchasers had paid additional taxes—for the years 1965, 1966 and 1967—and had incurred additional costs on their bonds. According to the Treasurer, he attempted to reach Bernard Johnson by telephone to inform him that more money was needed to effect the redemption, but was unsuccessful in that effort. Thereafter, by means of a letter posted on October 9, 1968, the Treasurer returned to Johnson the payment the latter had made on August 26, 1968.

It appears that on September 12, 1968, the date upon which the right of redemption expired, the County Treasurer had issued deeds to the tax-sale purchasers for the land they had bought. Those deeds were recorded on October 3, 1968, which was six days before the Treasurer sent Johnson the letter returning his money.

On April 11, 1969, Bernard Johnson, along with Laverne Casbeer, reappeared at the office of the County Treasurer. On that occasion, Johnson and Ms.

Casbeer presented checks totalling $1,609.08, for the purpose of paying all sums due to redeem the tax-sold land. Ms. Casbeer, it seems, had just recently acquired an interest in the properties from the estate of Edward C. Johnson. What happened following the tender of money on April 11, 1968 is not altogether clear. However, it is clear that on May 11, 1970, Bernard Johnson and Ms. Casbeer deemed it necessary to commence an action to quiet title, asking the court to invalidate the deeds that had been issued to the tax-sale purchasers.

The matter was called for trial in July of 1978. At the close of the plaintiffs' case, the trial court entered a compulsory nonsuit, because the plaintiffs conceded that the full amount of money required for redemption had not been paid prior to the expiration of the statutory period. Upon an appeal to the Superior Court of Pennsylvania, the trial court's order was reversed and the matter remanded for a new trial. *Johnson v. Dec*, 276 Pa. Superior Ct. 163, 419 A.2d 146 (1980). The Superior Court held that the trial court had erred in excluding evidence of why the full redemption price had not been paid prior to the expiration date; and further held that Bernard Johnson could show that he had relied on the representations of the County Treasurer in paying $163.22 on August 26, 1968.

Upon retrial, judgment was entered in favor of Bernard Johnson and Laverne Casbeer, based on the trial court's conclusion that redemption was effected on August 26, 1968, when Johnson paid the sum the County Treasurer designated. The court also ordered the plaintiffs to pay all sums due the tax-sale purchasers. We conclude that the trial court decided the case correctly; and we affirm on the able opinion from below by Senior Judge JOHN A. CHERRY, reported at
    Pa. D. & C.3d    (    ).

498

## ORDER

AND Now, the 21st day of May, 1984, the order of the Court of Common Pleas of Potter County dated August 27, 1982, at No. 152 of May Term 1970, dismissing the defendants' exceptions, is hereby affirmed.